VAN DEVENTER ET AL. *v.* TERRY ET AL.

[No. 29,892. Filed March 2, 1961.]

*O. B. Hanger* and *French M. Elrod,* both of Indianapolis, for appellants.

*William H. Williamson* and *Neal & Williams,* of counsel, both of Indianapolis, for appellees.

JACKSON, J.—This matter comes to this court by transfer from the Appellate Court pursuant to Acts 1901, ch. 247, §13, p. 565, being §4-217, Burns' 1946 Replacement.

The record discloses that the appellants, James H. Van Deventer and Martha Van Deventer, husband and wife, Clarence M. Davis and Helen L. Davis, husband and wife, were on November 5, 1956, and are the owners of certain tracts of real estate containing approximately 306.95 acres, located in Decatur Township, Marion County, State of Indiana. The legal description thereof, running to six typewritten pages, is omitted for the sake of brevity.

Chronologically, as shown by the record, the following proceedings were had herein:

1.  November 5, 1956, appellants, Van Deventers and Davises, being the owners of more than 50% of the land sought to be rezoned, filed an application for a change of zoning regulations of the Master Plan permanent zoning ordinance in the office of the Auditor of Marion County, Indiana, being proposed ordinance No. 255-A-56, pursuant to Acts 1947, ch. 174, §63, p. 571, being §53-764, Burns' 1951 Replacement.

2.  Such application was referred to the Plan Commission for consideration and report pursuant to Acts 1947, ch. 174, §64, p. 571 being §53-765, Burns' 1951 Replacement.

3.  The Plan Commission gave notice by publication in the Indianapolis News under date of December 8, 1956, that the commission would hold a public hearing on such application and decide thereon, on December 20, 1956, at 12:30 P.M. C.S.T. in Room 99 of the Marion County Court House, pursuant to Acts 1947, ch. 174, §37, p. 571, being §53-737, Burns' 1951 Replacement.

4.  On December 20, 1956, the public hearing was continued to January 17, 1957, at 12:30 P.M., C.S.T.

5.  January 17, 1957, the Marion County Plan Commission denied appellants' application to rezone such land and reported such denial to the Marion County Board of Commissioners.

6.  January 21, 1957, appellants, the Van Deventers and the Davises, were notified by letter that their petition to rezone their 306 acres to Gravel and Sand Classification had been denied by the Plan Commission.

7.  January 24, 1957, the Board of Commissioners, without notice, by unanimous vote, pursuant to Acts 1947, ch. 174, §64, p. 571, being §53-765, Burns' 1951 Replacement, enacted Ordinance No. 255-A-56, amending the Marion County Master Plan Permanent Zoning Ordinance by including the 306 acres of land owned by

the appellants in the Gravel and Sand Secondary Classification.

8. March 11, 1957, appellees filed in the Circuit Court of Marion County, Indiana, a "Petition for Injunction and to Set Aside Proposed Zoning Ordinance." Such complaint, in substance, recites all of the foregoing actions by the parties. It alleges that, the action of the Board of County Commissioners was arbitrary and capricious in that the Board amended the Master Plan in violation of and contrary to the provisions of the Planning and Zoning Act of 1947, ch. 174, §1, p. 571, being §53-701, Burns' 1951 Replacement, *et seq.*, as amended; said ordinance is invalid and void because of lack of notice; it was void for the reason that said amendment was not adopted at a regular meeting of the Board; it was not made for the object of improving the health, safety, convenience, education and welfare of the citizens of the community; it is hazardous and depreciates the value of the property of the petitioners; it is not consistent with the public welfare; that the petitioners have no adequate remedy at law; praying that the appellants, the Van Deventers and the Davises, be enjoined and restrained from the use of the subject real estate for removal of gravel and sand; and that the defendants, Board of Commissioners, be ordered to vacate and rescind its acts and decisions relating thereto and that the subject real estate be rezoned pursuant to the Master Plan.

9. March 11, 1957, notice of application for Temporary Injunction was given appellants, the Van Deventers and the Davises, to be heard March 27, 1957.

10. Thereafter and prior to March 27, 1957, special appearances were entered for all appellants for purposes of filing Pleas in Abatement. The record does not disclose the filing of such pleas.

11. April 18, 1957, appellants filed demurrer to appellees' complaint on the ground that "it fails to state facts sufficient to constitute a cause of action for injunctive relief."

12. April 30, 1957, the demurrer was overruled, and by agreement, the cause was submitted on the permanent injunction, witnesses were sworn, evidence heard in part, and cause, on request of one of counsel for appellants, continued until May 16, 1957.

13. On May 15, 1957, appellants filed answer in two paragraphs.

14. May 16, 1957, appellees filed demurrer to rhetorical paragraphs 4, 11, 12, 14 and 15 of appellants' answer, the court then overruled the appellants' motion to strike out contained in the answer, overruled the appellees' demurrer to said answer, hearing of evidence was resumed, appellees rested, appellants moved for a finding for appellants, motion therefore overruled, appellants rest without submitting evidence, case taken under advisement, attorneys granted leave to file briefs within one week.

15. Thereafter briefs were filed and on June 20, 1957, the court entered its finding and judgment for the appellees, which finding and judgment, omitting the formal parts thereof reads as follows:

"1. The Court finds that the defendant Board of Marion County Commissioners passed ordinance 255-A-56 on January 17, 1957.

"2. That in so doing they made a substantial amendment to the County Master Plan Permanent Zoning Ordinance and the comprehensive zoning ordinance which is based thereon and an integral part thereof, and which devides [divides] the county into use zones.

"3. That such action was taken on the said board's own motion.

"4. That the adoption of the original Master Plan and Zoning Ordinance must be done after a public hearing before the said board, advertising in advance, according to the state law, being section 5-3762 of Burns' Statutes, which reads as follows:

"The Board of County Commissioners shall afford all interested persons an opportunity to be heard with reference to it at public hearings convenient for all persons affected, to be held at times and places specified in notices published in a daily newspaper in the county at least twice within ten days before the time set for the hearing.

"5. That substantial amendment to such Master Plan and zoning ordinance adopted by the said board in its own motion and without recommendation therefor by the County Planning Commission must follow the same procedure, to-wit: an advertised public hearing.

"6. That said board did not follow such procedure in that it did not advertise or hold a public hearing as above set out.

"7. That an opportunity for the citizens to be heard by public officials is an important right. Denial thereof was one of the stated causes for the American Revolution, and the ideal is embedded both in the United States Constitution and the Constitution of Indiana, wherein is reserved to the citizen the right to petition his government.

"8. That such action of the Board of Commissioners herein involved specifically denied the said statutory right to be heard and that the statute here in question affords a construction allowing such right and the same is not specifically forbidden. Therefore, this Court will construe said statute as affording a public hearing on a substantial amendment to the county master plan, which affects the constitutional rights of the citizens involved, so as to effect the beneficial purpose mentioned in the said statute of a public hearing.

"9. The Court further finds that the plaintiffs will be damaged by such pretended ordinance and amendment and that the plaintiffs have no adequate recourse at law.

"10. The Court further finds that a permanent injunction should be granted against the defendants, and each of them in the matter, from enforcing said pretended ordinance.

"WHEREFORE, IT IS CONSIDERED, ADJUDGED AND DECREED that the Plaintiffs' petition for a permanent injunction against the defendants to set aside the pretended ordinance 255-A-56 of the Board of Marion County Commissioners, and to enjoin the enforcement thereof, is granted, and the said defendants, and each of them, are hereby permanently enjoined from enforcing or attempting to enforce the said pretended amendment to the County Master Plan and the zoning ordinance based thereon.

"Costs vs. defendants.

Dated:
June 20, 1957

/s/ John L. Niblack
Judge Marion Circuit Court"

16. July 16, 1957, appellants filed motion for a new trial alleging as grounds therefor:

"1. That the decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law."

17. October 23, 1957, after hearing argument on appellants' motion for a new trial the court overruled the same.

We have set out in detail the steps leading up to this appeal in order that we may have before us the full procedural and factual background in arriving at our decision.

Appellants' assignment of error in pertinent part reads as follows:

"1. The Court erred in overruling appellants' motion for a new trial.

"2. The Court erred in overruling appellants' demurrer to appellees' complaint.

"3. The Court erred in overruling appellants' motion for finding and decision in their favor at the close of appellees' evidence."

The specifications of error are argued vigorously by the appellants and supported by probative authority. Involved in this appeal is the construction of Acts 1947, ch. 174, being §53-701 *et seq.*, Burns' 1951 Replacement, particular reference being had to §53-765, which reads as follows:

"Procedure in amending, supplementing and changing—Vote required where commission is adverse. Amendments, supplements or changes of the regulations of the zoning ordinance shall be considered as amendements to the master plan. Any proposed ordinance for the amendment, supplement, change or repeal of the zoning ordinance not originating from petition of the plan commission shall be referred to the plan commission for consideration and report before any final action is taken by the city council or the board of county commissioners.

"Prior to the submission to the city council or the board of county commissioners of a plan commission petition or a report on a proposed ordinance referred to it for an amendment, supplement, change or repeal of the zoning ordinance, the plan commission shall give notice and hold a public hearing in the manner prescribed for adoption of a master plan in §37 [53-737] of this act.

"IN THE EVENT THE REPORT OF THE PLAN COMMISSION IS ADVERSE TO A PROPOSED ORDINANCE REFERRED TO IT, THE ORDINANCE SHALL NOT BE PASSED EXCEPT BY AN AFFIRMATIVE VOTE OF AT LEAST SEVENTY-FIVE [75] PER CENTUM OF THE MEMBERS OF THE CITY COUNCIL *OR A UNANIMOUS AFFIRMATIVE VOTE OF THE BOARD OF COUNTY COMMISSIONERS.* [Acts 1947, ch. 174, §64, p. 571]." (Emphasis supplied.)

The principal question to be decided here, is whether or not it was necessary for the Board of County Commissioners to hold a public hearing before enacting ordinance No. 255-A-56, after the report of the Plan Commission was adverse to such proposed ordinance. No question as to the constitutionality of the amending ordinance was raised on the ground of the failure to give notice.

In arriving at our decision we refer to the statute to determine the intent of the legislature in creating the Plan Commission, such intent as to the *power* of the commission is found in §53-701, Burns' 1951 Replacement, *supra*, which in pertinent part reads as follows: ". . . it is the intent of this legislation that the plan commission shall serve in an advisory capacity to presently established boards and officials, . . ."

The appellants contend that §§53-763—53-765, Burns' 1951 Replacement alone provide for amendments to the "Master Plan." That §53-762, Burns' 1951 Replacement and preceding sections apply to the formulating of the plan and not to amendments thereto.

Acts 1947, ch. 174, §63, p. 571 being §53-764, Burns' 1951 Replacement provides for the amendment, supplement or change of zoning ordinance by the filing of petitions with the clerk of the city council or the county auditor by:

"1. The plan commission.
"2. By the owners of fifty (50) per centum or more of the area involved in the petition."

Here the petition was presented to the County Auditor under two above.

There is no question concerning the right of the Board to amend the "Master Plan" §53-763, Burns' 1951 Replacement, *supra*. The action here is not one to

amend the "Master Plan," but to amend the zoning ordinance which provides for the enforcement of the Master Plan. The failure to provide for notice in §53-765, Burns' 1951 Replacement, *supra,* denotes one of two things: either (1) that no notice and hearing before the Board is intended to be necessary to override an adverse recommendation of the (advisory) commission, or (2) there was an oversight on the part of the legislature.

In view of the particularity with which the act sets out the procedure with respect to notice and hearing in formulating the original plan, we are of the opinion that with respect to the amendments relating thereto, the legislature deliberately omitted the requirement of notice and hearing by the Board of Commissioners after the Plan Commission had submitted its recommendations to the Board after the Plan Commission had hearings thereon.

Appellants' demurrer should have been sustained, the decision of the trial court is overruled and the cause remanded with instructions to sustain the demurrer and for further proceedings not inconsistent with this opinion. The other questions raised herein probably will not arise on a retrial and are not here considered.

Bobbitt, C. J., Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 172 N. E. 2d 674.