KRIMENDAHL, ET AL. *v.* COMMON COUNCIL OF
NOBLESVILLE, ET AL.

[No. 30920. Filed March 17, 1971. Rehearing denied April 21, 1971.]

192

*Arthur H. Gemmer*, of Indianapolis, for appellants.

*Albert W. Ewbank*, of Indianapolis, for appellees.

DeBruler, J.—The appellants, by their suit below, sought to have an amendatory re-zoning ordinance declared invalid on two grounds: *First*, that the procedures followed by the local plan commission and the city council in considering and enacting the amending ordinance were not in conformity with the Planning and Zoning Act of 1947, I.C. 1971, 18-7-5-1 through 18-7-5-99, being Burns §§ 53-701 through 53-795, and, *second*, that the amendatory ordinance and the Planning and Zoning Act are unconstitutional and void, as in violation of Art. 1, § 12, of the Indiana Constitution and the Fourteenth Amendment to the United States Constitution in that they, respectively, were enacted, and authorized enactment of re-zoning ordinances, without procedural due process.

The trial court entered summary judgment on motion of the defendants. We affirm the trial court in all respects.

In this case the Indianapolis Airport Authority presented its petition to the Noblesville Plan Commission requesting that a large tract of land be re-zoned to permit the operation of a public municipal airport. At that time a private airport was being operated on the land. The Indianapolis Airport Authority entered into a contract to purchase the tract of land from the owners Gatewood in the event the re-zoning was accomplished. The Gatewoods filed the following "Consent" by which they joined in the petition:

### "CONSENT

The undersigned, Carl David Gatewood and Betty Jo Gatewood, husband and wife, owners of the real estate herein described, join and consent to the above petition for amendment of zoning ordinance requesting that the above-described property, heretofore operated as a private airport, be zoned MA, which would permit the operation of a public airport municipally owned and operated.

S/————————————
Carl David Gatewood

S/————————————
Betty Jo Gatewood"

The Plan Commission published notice of hearing on the petition. Appellants appeared at the hearing and stated their objections to the re-zoning petition. The public hearing was held and the Plan Commission, consisting of a total of eleven members voted six in favor and five against the petition. Whereupon the president of the Commission ruled that the petition had been denied by reason of its having failed to receive sufficient majority as required by the Robert's Rules of Order. The majority objected to this unusual ruling, but the Commission then went on to other business. No resolution approving the petition and recommending its adoption to the City Council of Noblesville was ever signed.

Thereafter the secretary of the Plan Commission forwarded a copy of the proceedings and the unsigned resolution to the city council indicating that the vote had been in favor of the amendment by a vote of six to five, and that the president had ruled that it had not been adopted. Whereupon the city council enacted the proposed amending ordinance by a vote of four to one, the said council consisting of a total of five members.

Appellants argue that the amendment procedures set forth in I.C. 1971, 18-7-5-64, 18-7-5-65 and 18-7-5-66, being Burns §§ 53-763, 53-764 and 53-765, could not lawfully be used by the Commission and the council, and were "inapplicable" on two grounds: First, the petitioners did not own 50% of the area involved in the petition as required under Burns § 53-764, and second, the petition was filed directly with the Plan Commission and was not "first presented" to the clerk of the city council as required under Burns § 53-765. These procedures for amending the general zoning ordinance are as follows:

"53-763. The city council or the board of county commissioners may, from time to time, amend, supplement or change the regulations and districts fixed by ordinance pursuant to this act."

"53-764. Petitions, duly signed, may be presented to the clerk of the city council or the county auditor request-

ing an amendment, supplement or change of the regulations of the zoning ordinance by:

1. The plan commission.

2. By the owners of fifty per centum or more of the area involved in the petition."

"53-765. Amendments, supplements or changes of the regulations of the zoning ordinance shall be considered as amendments to the master plan. Any proposed ordinance for the amendment, supplement, change or repeal of the zoning ordinance not originating from petition of the plan commission shall be referred to the plan commission for consideration and report before any final action is taken by the city council or the board of county commissioners.

Prior to the submission to the city council or the board of county commissioners of a plan commission petition or a report on a proposed ordinance referred to it for an amendment, supplement, change or repeal of the zoning ordinance the plan commission shall give notice and hold a public hearing in the manner prescribed for adoption of a master plan in section 37 of this act.

In the event the report of the plan commission is adverse to a proposed ordinance referred to it, the ordinance shall not be passed except by an affirmative vote of at least seventy-five per centum of the members of the city council or a unanimous affirmative vote of the board of county commissioners.

Failure of the city council or the board of county commissioners to pass such proposed ordinance by said affirmative vote within ninety days after its rejection by the plan commission shall constitute rejection of the proposed ordinance and it shall not be reconsidered by the planning commission, city council or county commissioners until the expiration of one year after the date of its original rejection by the plan commission."

On the first point we hold that "the area involved in the petition" means the area described in the petition which is sought to be re-zoned. *Penn* v. *Metropolitan Plan Com'n of Marion County* (1967), 141 Ind. App. 387, 228 N. E. 2d 25. In the case at bar this requirement is satisfied by the petition having been made by the conditional vendee of the entire tract sought to be re-zoned, joined in and consented to in writing by the conditional vendors who hold the legal title to the entire tract. On point two, appellants are

correct that the petition was first filed in the plan commission, however, in light of the statutory requirement that the clerk of the city council, upon receipt of a petition, must immediately forward it to the plan commission, we deem this departure from the statutory procedure to be of insufficient magnitude to warrant voiding an otherwise valid ordinance. We, therefore, hold that Burns §§ 53-763, 53-764 and 53-765, contained the statutory procedure which the plan commission and city council were required to follow in the consideration and enactment of this amendatory zoning ordinance.

Appellants contend that the city council had no power to enact the amending ordinance since the plan commission had not "passed, adopted and recommended" it to the city council as required by I.C. 1971, 18-7-5-39, 18-7-5-40, 18-7-5-41 and 18-7-5-44, being Burns §§ 53-737, 53-738, 53-739 and 53-742.

> "53-742. Amendments after adoption of master plan and ordinance. After the adoption of a master plan and ordinance, all amendments to it shall be adopted according to the procedure set forth in sections 37 through 40."

Suffice it to say, requirements of prior passage and affirmative recommendation by the plan commission were not conditions precedent to valid council action on this amendatory re-zoning ordinance, since the statutory provisions requiring them are not applicable. The city council was properly following the amending procedures set forth in Burns §§ 53-763, 53-764 and 53-765, covering ordinances originating on petition of the owners of 50% or more of the area sought to be re-zoned.

We agree with appellants' statement of law, namely, that the plan commission and the city council were required to follow the statutory procedures, outlined in the Planning and Zoning Act, and that a failure to do so would render the ordinance void. *State Bd. of Tax Commissioners* v. *McDaniel* (1928), 199 Ind. 708, 160 N. E. 347; *Edwards* v. *Cooper* (1906), 168 Ind. 54, 79 N. E. 1047. However, we hold that the foregoing description of the events

leading up to the passage of the ordinance by the city council, about which there is no factual dispute between the parties, demonstrate an adherence to the requisite procedures. For the same reason the trial court was correct in not rendering summary judgment for appellants on paragraph 1 of the complaint which raised this issue.

Appellants, owners of land in the neighborhood of the questioned tract, contend that the re-zoning ordinance is unconstitutional in that it was enacted by the city council without prior notice to them or hearing, and also contend that the Planning and Zoning Act is unconstitutional in that the procedure for amendment of a zoning ordinance contained in Burns §§ 53-763, 53-764 and 53-765, do not require such hearing and notice, both the ordinance and statute thereby being in violation of Art. 1, § 12, of the Indiana Constitution and the Fourteenth Amendment to the United States Constitution.

It is true that the statute does not require notice to affected persons or a hearing before the city council prior to the enactment of a re-zoning ordinance. This is clear from the language of the statute contained in the statute as interpreted in the recent case of *Van Deventer, et al.* v. *Terry, et al.* (1960), 241 Ind. 378, 172 N. E. 2d 674. It is also true that the re-zoning ordinance in the case before us on appeal was enacted without notice and hearing. However, as a general rule, the enactment of an ordinance by a city council, the elected, legislative organ of municipal government in this State, is considered to be an exercise of the legislative power of State government, and as such is exempt from the due process requirements of a trial-type hearing. *Town of Walkerton* v. *New York, C. & St. L. R. Co.* (1939), 215 Ind. 206, 18 N. E. 2d 799; *Hanna* v. *Board of Commissioners of Putnam County* (1867), 29 Ind. 170; *Droege, et al.* v. *St. Joseph Co. Plan Commission* (1961), 132 Ind. App. 71, 175 N. E. 2d 432; *McGraw* v. *Marion County Plan Commission* (1960), 131 Ind. App. 686, 174 N. E. 2d 757; *Windle* v. *City of Valparaiso* (1916), 62 Ind. App. 342, 113 N. E. 429; *Ross* v. *Becker*

(1907), 169 Ind. 166, 81 N. E. 478. It is well established that the police power of the State includes the power to enact and amend zoning statutes and ordinances. *Euclid, Ohio* v. *Ambler Realty Co.* (1926), 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303; *Mogilner* v. *Metropolitan Plan Commission of Marion Co.* (1957), 236 Ind. 298, 140 N. E. 2d 220. We conclude, that the enactment of re-zoning ordinances generally, and the enactment of the re-zoning ordinance in the case before us, constituted an exercise of the legislative power of State. As an exercise of legislative power, the enactment by city council of a re-zoning ordinance is not subject to the requirements of the state and federal due process provisions requiring a trial-type hearing with prior notice and the application of standards. In so concluding, we are in accord with the sparse statements of other courts dealing with the characterization of re-zoning ordinances. *Hyson* v. *Montgomery County Council* (1966), 242 Md. 55, 217 A. 2d 578; *Ball* v. *Jones* (1961), 272 Ala. 305, 132 S. 2d 120. The statute and re-zoning ordinance here involved are sufficient to withstand appellants' constitutional attack.

We, *sua sponte,* recognize that the characterization of a proceeding before a local governmental body as "legislative" without further analysis has limited usefulness. Davis, ADMINISTRATIVE LAW TREATISE, § 7.02. However, further analysis of the proceeding in this case is not warranted by the state of the record. Suffice it to say that the decision of this elected city council, to enact a re-zoning ordinance, to permit the operation of a public airport, was primarily a legislative determination.

We do not by this opinion effect the law which subjects municipal ordinances to judicial review on the grounds that the statutory procedures to be followed in creating and enacting them were not followed, or that they are unreasonable in content and, therefore, constitute an unreasonable exercise of the police power in violation of due process. The reasonableness of the re-zoning of appellees' land is not in issue before us. Appellants' attack is directed to the face of the

statute and to the procedures therein set out for the enactment of re-zoning ordinances.

We do not reach the issue raised by appellants concerning the proceedings of the trial court for appeal bond and stay order, in light of our decision for appellees on the merits.

All pending motions are denied.

Judgment of the trial court is affirmed.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 547.