TOWN OF MERRILLVILLE; BOARD OF TRUSTEES OF THE TOWN OF MERRILLVILLE; AND THE MERRILLVILLE PLAN COMMISSION
v. WILLIAM J. COLLINS AND MARGERY M. COLLINS

[No. 3-1075A230. Filed November 22, 1978. Rehearing denied December 29, 1978. Transfer denied May 10, 1979.]

*Fred M. Cuppy, Gerald K. Hrebec, J. Philip Klingeverger*, of Gary, for appellants.

*William J. Regan*, of Merrillville, for appellees.

HOFFMAN, J.— William and Margery Collins filed suit in the court below seeking, *inter alia*, a judgment declaring Proposed Ordinance No. 74-32 of the Town of Merrillville to be in full force and effect by operation of law. The proposed ordinance, rejected by the Board of Trustees of the Town of Merrillville by a four to three vote, purported to change the zoning classification of the Collins property in order to permit the operation of a bridal shop on the premises. The court below found for the Collinses, and the Town, the Board of Trustees of the Town, and the Plan Commission (hereinafter collectively referred to as "the Town") appeal.

The agreed statement of facts submitted to the court below established the following:

On April 15, 1974, the Collinses petitioned the Merrillville Plan Commission for a change of zoning classification of their property from R-3 to B-1. Notice was duly published and a public hearing was held on May

20, 1974. At that time the Plan Commission approved the petition and referred it to the Board of Trustees of the Town of Merrillville as Proposed Ordinance No. 74-32. On July 9, 1974, at a regular public meeting, the Board remanded the petition to the Commission without rejecting or approving it.

At the Commission meeting of July 15, 1974, the petition was referred back to the Board because no instructions or statement of reasons for rejection or amendment had accompanied it on remand. On July 23, 1974, the Board voted on the proposed ordinance, with three members voting in favor of passage, three voting against it and one abstaining. At the Board meeting of September 11, 1974, however, the proposed ordinance was rejected by a vote of four to three.

On October 15, 1974, the Collinses filed their complaint seeking declaratory relief. They claimed that the action of the Board in attempting to reject the ordinance was ineffective, as a three-fourths vote was required to override the recommendation of the Commission with respect to such an ordinance. Since that action was ineffective, they argued, the proposed ordinance became effective 120 days after its presentation to the Board. The court below agreed, finding that IC 1971, 18-7-5-39 — 18-7-5-46 (Burns Code Ed.), which sections govern the procedure for adopting and amending the master zoning plan, did require a three-fourths vote to effectively reject such a proposed ordinance. Thus, the sole issue in this appeal is whether the court properly construed the applicable statutes.

IC 1971, 18-7-5-67 (Burns Code Ed.) provides that all amendments, supplements or changes of the regulations of the zoning ordinance shall be considered as amendments to the master zoning plan. That section also provides that a hearing shall be held on such proposed ordinances and that the Plan Commission shall make a report to the Town Board of Trustees[1] of its recommendations con-

---

1. IC 1971, 18-7-5-3 (Burns Code Ed.) provides:

"As used in this chapter [18-7-5-1 — 18-7-5-99]: 'City' includes classified cities and towns: 'city council' means the chief legislative body of a city or incorporated town; 'commission or plan commission' means a city plan commission or a county plan commission; . . ."

cerning said ordinance. If the report of the Commission recommends that the amending ordinance not be passed, a vote of 75% of the Board is required to pass it. However, IC 1971, 18-7-5-67, *supra,* makes no specific provision for such a super-majority vote in order to reject a proposed amendment over a favorable recommendation of the Commission. Thus, the Town argues here that only a simple majority vote is required for such a rejection.

While it is true that IC 1971, 18-7-5-67, *supra* expressly provides for a 75% vote to override the Commission only in the instance of an adverse report, that section is not the exclusive provision governing the amendment of the master zoning plan and ordinance. IC 1971, 18-7-5-44 (Burns Code Ed.) provides that "[a]fter the adoption of a master plan and ordinance, all amendments to it shall be adopted according to the procedure set forth in sections 37 through 40 [18-7-5-39 — 18-7-5-42]." Consequently, the procedure for adopting amendments is essentially the same one which governs the adoption of the master zoning plan itself.

IC 1971, 18-7-5-39 — 18-7-5-42 (Burns Code Ed.) provide the following procedure for adopting the master plan:

Before the plan and ordinance are adopted the Plan Commission must publish notice and hold a public hearing. The Commission may then, by resolution, adopt the plan and recommend the ordinance to the town board. After passing such a resolution, the Commission must certify and present the plan and ordinance to the Board. If the Board fails to act upon the plan and ordinance within 120 days of the certification, the plan and ordinance become effective, as if passed by the Board. *See: Pruden v. Trabits* (1977), 175 Ind.App. 219, at 226, 370 N.E.2d 959, at 964. However, if the Board rejects or amends the master plan and ordinance, the provisions of IC 1971, 18-7-5-43 (Burns Code Ed.) apply:

"18-7-5-43 [53-741]. Rejection or amendment by council or board — Commission's reconsideration — Failure of commission to file a report. — If the city council or the board of county commissioners rejects the plan and ordinance or amends it, then it shall be returned

Thus, the names of entities used in this opinion reflect the fact that Merrillville is an incorporated town and that its chief legislative body is the Board of Trustees.

to the commission for its consideration, with a written statement of the reasons for its rejection or amendment.

"The commission shall have 45 days in which to consider the rejection or amendment and report to the city council or board of county commissioners. If the commission approves the amendment, the ordinance shall stand as passed by the city council or board of county commissioners as of the date of the recording of the commission's report with the city council or the board of county commissioners. If the commission disapproves the amendment or rejection the action of the city council or the board of county commissioners on the original amendment or rejection shall stand only if confirmed by a seventy-five per centum [75%] vote of the city council or by a unanimous vote of the board of county commissioners.

"In case the commission does not file a report with the city council or board of county commissioners within 45 days, the action in amending or rejecting the ordinance shall become final. [Acts 1947, ch. 174, § 41, p. 571]"

While it is true that IC 1971, 18-7-5-44, *supra*, does not expressly apply the procedure of IC 1971, 18-7-5-43, *supra*, to an amending ordinance, the intent of the Legislature to make it applicable seems clear. Under such circumstances, it is incumbent upon this Court to give effect to that intent, *Thompson v. Thompson—Smith v. Smith* (1972), 259 Ind. 266, at 273, 286 N.E.2d 675, at 661, and to harmonize the specific provisions of the act with the general, insofar as they are not irreconcilable. *City of Gary v. Baker* (1975), 166 Ind.App. 26, 333 N.E.2d 808, at 810.

IC 1971, 18-7-5-58 (Burns Code Ed.) specifically grants the power to enact or amend zoning ordinances to the Board. *Abrams et al. v. Legbandt* (1974), 160 Ind.App. 379, at 382-383, 312 N.E.2d 113, at 115-116. However, that power may be exercised "only in relation to the [town] plan commission." IC 1971, 18-7-5-4 (Burns Code Ed.). This general restraint on the Board's power is further evidenced by the express requirement of a 75% vote to override the Commission's recommendation under the following circumstances:    (a) upon an amendment or rejection of the master plan and ordinance (IC 1971, 18-7-5-43), (b) in the construction or modification of public buildings, ways, utilities, etc. (IC 1971, 18-7-5-46), and (c) in the passage of amendments to the master plan and ordinance (IC 1971, 18-7-5-67). It follows that a hearing

of the act[2] which would permit subsequent amendments, though recommended by the Commission, to be defeated by a simple majority vote of the Board would subvert the intent of the Legislature to require a measure of deferral to the expertise of the Commission.

Thus, the 75% vote requirement of IC 1971, 18-7-5-43, *supra*, is applicable to the rejection of an amendatory ordinance. *Cf.*: *Pruden v. Trabits, supra*, 370 N.E.2d at 964, note 4.[3]

In the instant case, Proposed Ordinance No. 74-32 was sent to the Board on May 20, 1974, accompanied by a recommendation from the Commission that it be passed. From that date, the Board had a period of 120 days in which to act on the ordinance before it became effective by operation of law. IC 1971, 18-7-5-42 (Burns Code Ed.). The Board initially rejected the ordinance on July 9, 1974, (as it neither amended nor passed it) but remanded it to the Commission without any statement of reasons for its action. Consequently, the Commission returned the ordinance to the Board unchanged. The Board then voted on the ordinance on two separate occasions, yet on neither occasion did it reaffirm its earlier rejection by a three-fourths vote. Thus, by the terms of IC 1971, 18-7-5-43, *supra*, the Board's action in rejecting the ordinance could not stand, and the ordinance became effective on September 17, 1974, 120 days after its submission to the Board. IC 1971, 18-7-5-42, *supra*.

Accordingly, the judgment below is affirmed.

Affirmed.

Garrard, P.J. and Staton, J. concur.

NOTE — Reported at 382 N.E.2d 188.

---

2. IC 1971, 18-7-5-1 — 18-7-5-99 (Burns Code Ed.).

3. The opinion in that case noted the similarities between the act which is the subject of the instant case and the act providing for area plan commissions. (IC 1971, 18-7-4-1P18-7-4-99 (Burns Code Ed.)). In so doing it recognized the omission in IC 1971, 18-7-5-44 of the procedure in IC 1971, 18-7-5-43, but did not address the issue decided in the instant case.