**Russell CARTEE, Jr., and Sue Cartee, Appellants (Plaintiffs Below),**

v.

**Ricky Joe WEBER and Leo's Subaru Dealer, Appellees (Defendants Below).**

No. 1–379A69.

Court of Appeals of Indiana, Fourth District.

Dec. 4, 1979.

Patrick J. Bennett, Indianapolis, for appellants.

David P. Allen, Salem, James R. Fisher, Ice, Miller, Donadio & Ryan, Indianapolis, Richard C. O'Connor, New Albany, for appellees.

YOUNG, Judge.

Appellant Russell Cartee was injured when struck by an automobile. The accident allegedly resulted from the failure of the brakes to work properly. Appellee Leo's Subaru Dealer recently had inspected the car pursuant to the Periodic Vehicle

Inspection Act, IC 1971, 9–8–11. Cartee brought a lawsuit in negligence against Leo's Subaru Dealer alleging liability for failure to discover the brake defect. The trial court granted a motion to dismiss for failure to state a claim. We affirm.

█ The appellants' first issue is that the immunity provision in IC 9–8–11–7(g) does not bar an action based upon "intentional acts." The immunity provision states that the failure to discover a defect in the course of an inspection cannot be made the basis for an action in damages. We do not reach the issue of whether § 7(g) affords immunity for intentional acts. Plaintiffs' complaint was based on *negligence*. It did not allege an intentional tort. The record contains no indication that a theory of intentional tort was ever divulged to the trial court. While it is true that the plaintiffs' complaint is not subject to dismissal unless it appears to a certainty that they would not be entitled to relief under any set of facts, *State v. Rankin*, (1973) 260 Ind. 228, 294 N.E.2d 604, 606, it also is true we will not permit a judgment to be overturned upon a theory never advanced at the trial level. *Indiana Aeronautics Comm'n v. Ambassadair, Inc.*, (1977) Ind., 368 N.E.2d 1340, 1347. "In their brief, petitioners pose a number of questions to this Court concerning the implementation of the statute, which questions were not raised at the trial court level. They are therefore not appropriate for review at this time." *Dunn v. Jenkins*, (1978) Ind., 377 N.E.2d 868, 877. For this reason we will not entertain appellants' first issue.

█ The second issue is whether § 7(g) violates the federal and Indiana constitutional right to equal protection under the law. The appellants concede that, for purposes of this constitutional analysis, we should employ the "lower level of scrutiny." *See Sidle v. Majors*, (1976) 264 Ind. 206, 341 N.E.2d 763. Appellants particularly claim that a constitutional violation is present because § 7(g) insulates a potential class of defendants, namely, the party which allegedly failed to discover the defect during the course of the inspection. Under the lower level of scrutiny, we may maintain this legislative classification if it bears a reasonable relation to the purpose sought to be served by the legislature.

We have no hesitation in sustaining § 7(g) upon this basis. By forbidding lawsuits to be based upon the failure to discover a defect, the legislature has promoted participation in the inspection program by service station owners who otherwise would be reluctant to participate in a safety program when confronted with the possibility of tort liability. This classification is reasonable. There is no constitutional infirmity.

Affirmed.

MILLER, P. J., and CHIPMAN, J., concur.