**GREENBRIER HILLS, INCORPORATED, an Indiana not-for-profit corporation, Plaintiff-Appellant,**

v.

**James A. BOES, Arlene R. Boes, The City of Sullivan, Indiana, The Sullivan Plan Commission of The City of Sullivan, Indiana, Defendants-Appellees,**

**and**

**McDonald's Corporation and Wal-Mart Properties, Inc., Intervenors-Appellees.**

No. 1–384A87.

Court of Appeals of Indiana,
First District.

Feb. 7, 1985.

Philip A. Nicely, Kenneth L. Turchi, Bose, McKinney & Evans, Indianapolis, for plaintiff-appellant.

Mark D. Hassler, Wolfe, Frey, Hunt & Olah, Terre Haute, for intervenors-defendants, McDonald's Corp. and Wal-Mart Properties, Inc.; R. Marlin Smith, Deborah M. Rosenthal, Ross & Hardies, Chicago, Ill., of counsel for intervenor-defendant, McDonald's Corp.

G. Daniel Kelley, Jr., Anthony P. Gillman, Ice, Miller, Donadio & Ryan, Indianapolis, for James A. Boes, Arlene R. Boes.

P.J. Pierson, Lowry & Reed, Sullivan, for City of Sullivan, Sullivan Plan Com'n of City of Sullivan.

RATLIFF, Presiding Judge.

STATEMENT OF THE CASE

Greenbrier Hills, Inc. (Greenbrier) appeals from an order of the Sullivan Circuit Court granting appellee's[1] Motion for Summary Judgment. We affirm.

FACTS

On November 11, 1980, James A. Boes and Arlene R. Boes petitioned the Sullivan City council to rezone real estate owned by them from R–1 (residential) to GB (general business). Pursuant to Indiana Code section 18–7–4–608(a) (Burns Supp.1980) (repealed 1981),[2] the council referred the Boeses' proposal to the Sullivan Plan Commission. Following a public hearing, the plan commission recommended that the property be rezoned to GB. In addition, they recommended that "this land should be restricted for use only as a motel-restaurant." Record at 59. On February 24, 1981, the council rejected the plan commission's recommendation that the Boeses' property be restricted to use as a motel-restaurant. Instead of remanding the proposed amendment to the plan commission, as required by Indiana Code section 18–7–4–510 (Burns Supp.1980) (repealed 1981), the council voted to rezone the Boeses' property from R–1 to GB with no use restrictions.[3]

On March 3, 1983, Greenbrier filed its complaint for declaratory and injunctive relief challenging the validity of the amendment. Subsequently, the Boeses filed their Motion for Summary Judgment asserting in part that Greenbrier had not appealed the council's decision to the board of zoning appeals and, therefore, had failed to exhaust its administrative remedies. The City of Sullivan and the Sullivan Plan Commission joined in this motion on July 13, 1983.

On September 27, 1983, the trial court granted summary judgment and dismissed Greenbrier's cause of action. In a letter to the parties, the trial court made it clear that its decision was based on Greenbrier's failure to appeal the council's decision to the board of zoning appeals. Greenbrier subsequently filed its Motion to Correct Errors alleging that the trial court's judgment was contrary to both the law and the

1. This court granted McDonald's Corporation and Wal-Mart Properties, Inc. leave to intervene pursuant to Indiana Rules of Procedure, Trial Rule 24(C), on June 7, 1984.

2. This provision was essentially recodified in Indiana Code section 36–7–4–608 (Burns 1981).

3. Indiana Code section 18–7–4–510 (Burns Supp. 1980) (repealed 1981) stated in pertinent part: "If the legislative body rejects or amends the comprehensive plan and ordinance, then it shall return the comprehensive plan and ordinance to the advisory plan commission for its consideration, with a written statement of the reasons for its rejection or amendment." Although the express terms of this provision appear to limit its application to the original enactment of the comprehensive plan and ordinance, it must also be followed when the comprehensive plan and ordinance are amended. *Common Council v. Fort Wayne Plan Commission* (1983), Ind.App., 443 N.E.2d 843, 846, *trans. denied; see also Town of Merrillville v. Collins* (1978), 178 Ind.App. 358, 363, 382 N.E.2d 188, 190, *trans. denied.*

evidence. In support of its motion, Greenbrier argued that the amendment had been improperly enacted. Neither the motion nor its accompanying statement raised any question regarding the trial court's determination that Greenbrier had failed to exhaust its administrative remedies. The trial court overruled Greenbrier's motion and this appeal was perfected.

### ISSUE

We need address only one issue:

Whether Greenbrier's failure to specifically allege in its Motion to Correct Errors that the trial court erred when it determined that Greenbrier failed to exhaust its administrative remedies waived consideration of that issue by this court.

### DISCUSSION AND DECISION

It is axiomatic that errors not specifically raised in the motion to correct errors are deemed waived on appeal. *Wojcik v. Almase* (1983), Ind.App., 451 N.E.2d 336, 339–40 n. 2, *trans. denied; Ebersold v. Wise* (1980), Ind.App., 412 N.E.2d 802, 802 n. 1; *In re Estate of Williams* (1980), Ind.App., 398 N.E.2d 1368, 1371, *trans. denied; see also* Indiana Rules of Procedure, Trial Rule 59(D)(2). In its motion to correct errors, Greenbrier made no mention of the trial court's determination that it had failed to exhaust available administrative remedies. Consequently, Greenbrier has failed to preserve this issue for review. Despite this defect, however, Greenbrier urges us to consider the merits of the issue it raises for the first time on appeal.

Initially, Greenbrier argues that this is a question regarding the trial court's subject matter jurisdiction and that such questions can be raised for the first time on appeal.[4] It is true that the *lack* of subject matter jurisdiction can be raised at any time. *Schoffstall v. Failey* (1979), 180 Ind.App. 528, 530, 389 N.E.2d 361, 363,

*trans. denied.* In fact, if the parties do not question it, the court is required to consider the issue *sua sponte. In re City of Fort Wayne* (1978), 178 Ind.App. 228, 230, 381 N.E.2d 1093, 1095, *trans. denied; Rich v. Fidelity Trust Co.* (1965), 137 Ind.App. 619, 632, 207 N.E.2d 850, 858, *trans. denied.* Greenbrier, however, attempts to read this basic rule too broadly. Where the court erroneously decides that it is without subject matter jurisdiction to entertain a particular cause of action, that error must be properly preserved just as any other error must. In the event that it is not properly preserved, appellate review is waived.

Greenbrier also argues that, regardless of any waiver, we ought to consider the merits of this issue because it is an issue of great public importance and because it was actually litigated in the trial court. Although we have on occasion considered issues on their merits where parties have failed to strictly comply with all technical aspects of our procedural rules, such cases are very rare. We decline to exercise our discretion here to consider an issue which has not been properly preserved in the motion to correct errors.

The judgment of the trial court is affirmed.

ROBERTSON and NEAL, JJ., concur.

---

4. As a general rule, a party's failure to exhaust available administrative remedies deprives the trial court of subject matter jurisdiction over the cause of action. *United States Auto Club, Inc. v. Woodward* (1984), Ind.App., 460 N.E.2d 1255, 1258, *trans. denied; Bowen v. Sonnenburg* (1980), Ind.App., 411 N.E.2d 390, 403.