John THOMPSON, Appellant
(Plaintiff Below),

v.

DAVIESS-MARTIN COUNTY REMC,
Herman Lashley, and Lois Lashley,
Appellees (Defendants Below).

No. 1–585A134.

Court of Appeals of Indiana,
First District.

Dec. 30, 1985.

Russell E. Mahoney, Petersburg, for appellant.

David Waller, Fitzpatrick, Chambers, Waller Leonard & Hanson, Washington, Rabb Emison, Emison, Emison, Doolittle & Kolb, Vincennes, for appellees.

ROBERTSON, Judge.

Plaintiff-appellant John Thompson (Thompson) appeals from a judgment entered in favor of defendant-appellee Daviess-Martin County REMC (REMC) and defendants-appellees Herman and Lois Lashley (Lashleys).

We affirm.

Thompson was injured on May 23, 1980, while delivering turkey feed to the Lashleys' farm. Thompson had made deliveries to the Lashleys on other occasions, and he had been warned that a power line passed over the range bin used for feed storage. The high wires were visible to Thompson as he parked the truck next to the range bin. Thompson drove underneath the high wires and then backed up, watching the power line in his rear view mirror. After parking the truck, Thompson extended a boom auger to the top of the range bin and filled the bin with feed.

Thompson then climbed on top of the truck to sweep off excess feed. Thompson noticed the power line when he climbed on top of the truck. He began to sweep, using a broom with a ten foot metal handle. The metal handle came into contact with the power line, and Thompson suffered a severe electrical shock.

The power line was installed in 1973 by REMC. The power line consisted of two

wires, a lower neutral wire and an upper uninsulated wire carrying 7200 volts. The upper wire was required to have a minimum vertical height above ground of twenty feet six inches. The height of the upper wire was measured at eighteen feet three inches.

Thompson brought action against REMC and the Lashleys. He sought recovery on the theories of common law negligence, negligence based upon the utility's violation of a safety regulation, negligence based upon the landowners' breach of contractual duty, and breach of contract. The case was tried to the court without a jury. The trial court found that REMC and the Lashleys were negligent. However, the court denied recovery to Thompson on the grounds that the power line presented an open and obvious risk and that Thompson was contributorily negligent because he failed to take precautions not to come into contact with the line when he knew or should have known it was dangerous.

The issues raised on appeal have been consolidated and restated as follows:

1) Whether the defenses of contributory negligence and incurred risk were unavailable to REMC, because the utility's conduct was wilful and wanton;

2) Whether the court erred by entering its Conclusion of Law No. 22 that Thompson was guilty of negligence which proximately caused his injury.

ISSUE ONE:

According to Thompson, the defenses of incurred risk and contributory negligence could not bar recovery because the actions of REMC constituted wilful and wanton misconduct. Thompson maintains that he preserved this error for review by presenting it in his motion to correct errors:

3. The judgment of the Court is contrary to law, because where an electric public utility owns and operates an electric power line,

A. Which is lower than the minimum height requirement of the National Electrical Safety Code;

B. Which is not insulated as required by law;

C. Which has a particular segment of the public regularly exposed to the line, with the actual knowledge of the public utility;

D. Which injures a person in that segment of the public during the performance of his job as instructed by his employer;

the electric utility ought not have the defense of contributory negligence or incurred risk. Public policy ought to forbid it.

■ The purpose of a motion to correct errors is twofold. First, the motion serves to present alleged error to the trial court, thereby enabling the court to rectify its own errors, if any. Second, the motion serves as a presentation of alleged errors to the appellate court. Thus the motion frames the issues which were presented to the trial court and upon which the appeal is based. *Board of Commissioners v. Kokomo City Plan Commission,* (1974) Ind. App., 310 N.E.2d 877, 881, *rev'd on other grounds,* (1975) 263 Ind. 282, 330 N.E.2d 92.

■ In the instant case, the motion to correct errors did not serve to present the alleged error that REMC's wilful and wanton misconduct precluded the defenses of incurred risk and contributory negligence. The paragraph in the motion to correct errors which Thompson quotes presented a public policy argument that it should be the rule of law in Indiana that a utility cannot hide behind the defense of contributory negligence or incurred risk to avoid liability for its unlawful acts. The alleged error in allowing the defenses of contributory negligence and incurred risk despite REMC's wilfulness and wantonness was not brought to the attention of the trial court; therefore, the contention is waived. *See Greenbriar Hills, Inc. v. Boes,* (1985) Ind. App., 473 N.E.2d 1040.

■ Even if Paragraph 3 of the motion to correct errors was sufficiently specific to preserve the alleged error in allowing the

defenses of contributory negligence and incurred risk, the "wilful and wanton" theory is unavailable to Thompson. A party may not raise an issue in a motion to correct errors, or on appeal, that was not raised in the trial court. *Allen v. Scherer,* (1983) Ind.App., 452 N.E.2d 1031; *Zeigler Building Materials, Inc. v. Parkison,* (1980) Ind. App., 398 N.E.2d 1330.

■ Thompson's complaint was based on negligence. The record contains no indication that a theory of wilful and wanton misconduct was ever divulged to the court at trial.[1] An appellant who has presented his case to the trial court on a certain and definite theory shall not be permitted to change on appeal and prevail upon another theory not previously advanced. *Apple v. Kile,* (1983) Ind.App., 457 N.E.2d 254; *Essex v. Ryan,* (1983) Ind.App., 446 N.E.2d 368. Because Thompson did not submit the case for trial on a "wilful and wanton" theory, he may not now rely, in this court, on a "wilful and wanton" theory for reversal of the judgment. *See Cartee v. Weber,* (1979) Ind.App., 397 N.E.2d 622; *see also Cleary v. Indiana Beach, Inc.,* 275 F.2d 543 (7th Cir.1960).

ISSUE TWO:

■ In the second issue presented for review, Thompson challenges Conclusion of Law No. 22: "Plaintiff [Thompson] was guilty of negligence which proximately caused his injury by his failing to take precautions not to come into contact with the line when he knew or should have known that it was dangerous." Thompson asserts that the findings of fact do not support the conclusion that he had actual knowledge of the dangers associated with the power line. He reasons that neither the defense of contributory negligence nor the defense of incurred risk can be based upon the conclusion that he should have known the power line was dangerous.

Contributory negligence has been defined as the failure of a person to exercise that degree of care and caution for his own safety which an ordinary reasonable and prudent person in similar situations would exercise. Lack of reasonable care that an ordinary man would exercise in like or similar circumstances is the factor upon which the presence or absence of negligence depends. It must be further shown that the plaintiff's negligent act was a proximate cause of his injury and that he was actually aware of or should have appreciated the risks involved.

*Public Service Co. of Indiana v. Gibbs,* (1984) Ind.App., 460 N.E.2d 992, 995 (citations omitted).

Contributory negligence contemplates an objective standard for the determination whether a reasonable man would have so acted under similar circumstances. *Kroger Co. v. Haun,* (1978) 177 Ind.App. 403, 379 N.E.2d 1004.

■ The trial court decided that the power line presented an obvious risk. The findings of fact in the instant case confirm that Thompson should have known the power line was dangerous. The trial court found that the Lashleys warned Thompson to look out for the wires. The power line was visible to Thompson as he parked the truck and as he climbed on top of the truck to commence the sweeping operation. Thompson understood both the nature and the danger of electricity. He knew that people had been electrocuted by high voltage wires, and he knew or should have known that the power line was uninsulated. Contributory negligence occurs when a plaintiff unreasonably fails to recognize an obvious risk or danger. *Bridgewater v. Economy Engineering Co.,* (1985) Ind., 486 N.E.2d 484.

■ The trial court's determination that Thompson should have appreciated the risks associated with the power line was supported by findings of fact, and it was an adequate basis for concluding that Thompson was contributorily negligent. There was no error in Conclusion of Law No. 22.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.

---

1. The Record of Proceedings does not include a transcript of the evidence presented at trial.