CITY OF ANDERSON, Appellant
(Defendant Below),

v.

IRVING MATERIALS, INC., Carroll K.
McCullough, Margaret R. McCullough,
Neel M. McCullough, Mary K. Williams,
Appellees (Plaintiffs Below)

No. 27502–8811–CV–933.

Supreme Court of Indiana.

Nov. 23, 1988.

Stephen M. Terrell, Ice Miller Donadio &
Ryan, Indianapolis, Scott L. Webb,
Anderson, for appellant.

Patrick J. Cunningham, Anderson, for
appellees.

SHEPARD, Chief Justice.

The issue before the Court is whether an amendment to a zoning ordinance to reclassify a particular tract of land is an amendment to the comprehensive plan which must follow the procedures of Ind.Code § 36–7–4–500 to –512 (Burns 1981 Repl.) (the 500 series), or whether the amendment must follow the procedures of Ind.Code § 36–7–4–600 to –612 (Burns 1981 Repl.) (the 600 series).[1]

Irving Materials, the prospective vendee of 120 acres of land located in Anderson, filed a petition with the Anderson Advisory Plan Commission seeking rezoning of the land from residential use to industrial use. Carroll K. McCullough, Margaret R. McCullough, Neel M. McCullough and Mary K. Williams, owners and prospective vendors of the acreage, joined in the petition. Irving Materials proposed to operate a gravel pit on the land.

After a public hearing, the plan commission voted 4–3 to recommend passage of the amendment to the Anderson Common Council. The council held a public hearing and unanimously rejected the amendment. Neither the plan commission nor the council took any further action on the proposed amendment.

Irving Materials, along with the current owners (collectively "Irving Materials"),

---

1. The 500 and 600 series were amended effective September 1, 1986. *See* 1985 Ind.Acts, P.L. 335. Because these proceedings began on October 30, 1984, the earlier version of Local Plan-ning and Zoning Law applies, and all Ind.Code citations are to 1981 Burns Repl. unless otherwise indicated.

sought a declaratory judgment that the council's rejection of the amendment was arbitrary and capricious and an unconstitutional taking of the property. Irving Materials later amended the complaint to include a second count alleging that the amendment had been enacted by operation of law because the council had not returned the rejected amendment to the plan commission and therefore had failed to take final action as set forth in the 500 series. The parties filed cross motions for summary judgment on both counts.[2]

The trial court denied the city's motions. The court granted Irving Materials' motion for summary judgment on the second count, finding that the council had failed to comply with the 500 series and that the amendment was enacted by operation of law. The court did not rule on Irving Materials' motion for summary judgment on the first count.

The Court of Appeals affirmed the trial court's judgment and determined that "proposed zoning amendments were to be treated the same as amendments to the comprehensive plan provided for in the 500 series." *City of Anderson v. Irving Materials,* No. 27A02–8604–CV–116, slip op. at 5 (Ind.App. March 25, 1987) [505 N.E.2d 881 (table)]. Notwithstanding the council's unanimous rejection, the Court of Appeals held that the amendment was effective as a matter of law. We grant transfer.

## I. Procedures of the 500 Series

The 500 series governs the enactment of a comprehensive plan, which establishes policies for land-use development. *See* Ind. Code § 36–7–4–501. The comprehensive plan may include studies of current conditions and probable future growth, maps, charts, recommendations, and short and long-range development programs, as well as financial programs. Ind.Code § 36–7–4–503.

The plan commission prepares the plan, holds a public hearing on it, and proposes an ordinance to enforce the plan. Ind.Code §§ 36–7–4–501, –507. The commission may then adopt the plan and recommend it to the local legislative body by certifying a copy of the plan and presenting it to the local legislature. Ind.Code § 36–7–4–508.

If the local legislative body does not take final action within 120 days after certification, the plan takes effect by law. Ind. Code § 36–7–4–509. If the legislature rejects or amends the plan, it returns the plan to the plan commission with a statement of reasons for the rejection or amendment. Ind.Code § 36–7–4–510.

## II. Procedures of the 600 Series

The 600 series applies to amendments of the zoning ordinance. The zoning ordinance provides for classification and regulation of particular tracts of land. *See* Ind.Code § 36–7–4–601. The local zoning ordinance is generally separate from the master plan, *see* Anderson, Ind., Code of Ordinances, tit. 15, ch. 160, § 160.03 (1986), though the plan is used as a guide in preparation of the ordinance. *Id.,* § 160.02. Unlike the comprehensive plan, the local zoning ordinance generally establishes specific district maps, boundaries, and regulations. *Id.,* §§ 160.25, 160.26, 160.27, 160.30.

An amendment to the zoning ordinance is initiated by filing a petition, which is referred to the plan commission. Ind.Code §§ 36–7–4–607, –608. The plan commission must give notice and hold a hearing pursuant to Ind.Code § 36–7–4–507(a). Failure of the legislature to pass the amendment within ninety days operates as a rejection. Ind.Code § 36–7–4–609. The commission or legislative body may not reconsider the proposed ordinance for one year after the rejection. *Id.* The Code does not specify any procedures following the legislature's rejection of an amendment.

## III. Analysis of the Caselaw

Ind.Code § 36–7–4–611(a) states that an amendment of the zoning ordinance is considered an amendment to the comprehen-

---

**2.** The city's motion to dismiss the count alleging enactment of the amendment by operation of law is treated as a motion for summary judg-

ment pursuant to Trial Rule 12(B), Ind.Rules of Procedure.

sive plan. Irving Materials argues that the city council was therefore required to follow the procedures for amendment of the master plan, governed by the 500 series. The council did not follow the 500 series procedures inasmuch as it did not return the rejected amendment to the plan commission as required by Ind.Code § 36-7-4-510. Irving Materials argues that this is a failure to take final action within the meaning of Ind.Code § 36-7-4-509 and the amendment therefore takes effect 120 days after its certification. In support, Irving Materials cites *Common Council of the City of Fort Wayne v. Fort Wayne Plan Commission* (1982), Ind.App., 443 N.E.2d 843, and *Town of Merrillville v. Collins* (1978), 178 Ind. App. 358, 382 N.E.2d 188.

In *Fort Wayne Plan Commission,* an owner sought rezoning of a tract of land, and the plan commission recommended approval of the amendment. The common council voted 5-4 to deny the petition and summarized its reasons for the denial, though it voted not to return the petition to the plan commission. The city clerk retured the petition to the plan commission, which again voted in favor of the petition and resubmitted it to the common council. The common council tabled the petition and took no further action.

The plan commission argued that the council's failure to reject the resubmitted petition within 120 days enacted the amendment as a matter of law. The Court of Appeals determined that the procedures relating to the adoption of the master plan applied to amendment of the zoning ordinance, citing Ind.Code § 18-7-4-611(a) (Burns 1980 Supp.).[3] The Court held that to reject the amendment the council had to return the amendment to the plan commission pursuant to Ind.Code § 18-7-4-510. The plan commission submitted the amendment again, but the council did not reaffirm its rejection over the plan commission's reapproval, and the amendment became effective 120 days after it was recertified to the council.

In *Collins*, the owners filed for a change of zoning. The plan commission approved the change, but the town board remanded the petition without approving or rejecting it. When the plan commission recommended the petition to the board a second time, the board rejected it by a vote of 4-3. The owners claimed the rejection was ineffective because it was not made by the seventy-five percent vote required by Ind. Code § 18-7-5-43 (Burns 1974), the predecessor statute to the two-thirds super-majority of Ind.Code § 36-7-4-510.

The Court of Appeals held that "the procedure for adopting amendments is essentially the same one which governs the adoption of the master zoning plan itself." *Collins*, 178 Ind.App. at 361, 382 N.E.2d at 189. The Court said it was clear that the General Assembly intended to make that provision of the code applicable to any amendment of the zoning ordinance. "[To] permit subsequent amendments, though recommended by the Commission, to be defeated by a simple majority vote of the Board would subvert the intent of the Legislature to require a measure of the deferral to the expertise of the Commission." *Id.* at 362-363, 382 N.E.2d at 190 (footnote omitted).

In the case at bar, the city argues that the council is not required to return the rejected amendment to the plan commission pursuant to section 510 because zoning ordinances amendments are governed by the 600 series, citing *Krimendahl v. Common Council of Noblesville* (1971), 256 Ind. 191, 267 N.E.2d 547. In *Krimendahl*, the Indianapolis Airport Authority petitioned for rezoning to permit operation of a public airport. Appellants opposed the amendment at the plan commission hearing. The commission voted 6-5 in favor of the amendment. Inexplicably, the president of the commission, ruled that the petition failed for lack of a majority. The unsigned resolution was then forwarded to the city council with an indication of the commis-

---

**3.** The corresponding sections of Title 18 were recodified in Title 36 by 1981 Ind.Acts, P.L. 309, § 115.

sion's vote. The city council passed the amendment by a vote of 4–1.

Appellants argued that the council had no power to act because the plan commission had not recommended the amendment as required by Ind.Code § 53–742 (Burns 1951 Repl.), the predecessor statute to Ind. Code § 36–7–4–511. This section requires that amendments to the comprehensive plan be adopted pursuant to procedures in the 500 series.

This Court held in *Krimendahl* that prior passage and recommendation by the plan commission were not requirements for a rezoning, because the statutes requiring them are not applicable. The council had properly followed the amending procedures of Burns §§ 53–763 to –765 (1951 Repl.), the predecessor statutes to Ind.Code §§ 36–7–4–607, to –609.

In *VanDeventer v. Terry* (1961), 241 Ind. 378, 172 N.E.2d 674, remonstrators to a rezoning argued that the amending ordinance adopted by the board of commissioners was void because the board did not give notice or have a hearing. Burns § 53–762 required notice and hearing before the board for adoption of the master plan. This Court noted that the action here was not to amend the master plan, but to amend the zoning ordinance. The Court concluded that the provisions for amendment were not the same, and that the requirements of notice and hearing applied only to formulating the master plan and not to an amendment of a zoning ordinance which regulates specific parcels.

### IV. Resolution

The 600 Series applies to ordinances changing zoning for particular tracts of land. While the master plan must be amended by the procedures of the 500 series, a zoning ordinance must be amended by the procedures of the 600 series to allow rezoning of a particular tract of land.

Under the precedent of *Krimendahl* and *VanDeventer*, the 600 series governs the procedures for rezoning a particular tract of land by amending the zoning ordinance. The procedures involve: filing a petition, Ind.Code § 36–7–4–607; notice and hearing before the plan commission, Ind.Code § 36–7–4–608; and a two-third vote of the local legislative body to pass an amendment over the plan commission's adverse recommendation, Ind.Code § 36–7–4–609. Failure of the legislature to pass the amendment within ninety days constitutes rejection of the amendment. *Id.* The 600 series does not require that the legislature return a rejected amendment to the plan commission for further action.

The plan commission serves in an advisory capacity. In authorizing advisory plan commissions, the General Assembly did not intend to clothe them with the power to rezone land. *VanDeventer*, 241 Ind. at 386, 172 N.E.2d at 678. The decision of the local legislature to enact a rezoning ordinance is primarily a legislative determination. *Krimendahl*, 256 Ind. at 197, 267 N.E.2d at 551. The power of the plan commission does not derogate from the legislative power of the local legislative body to enact or amend zoning ordinances. *Abrams v. Legbandt* (1974), 160 Ind.App. 379, 312 N.E.2d 113. The plan commission does not have the power or the duty to enact ordinances. *See* Ind.Code § 36–7–4–401 (duties of the plan commission); Ind.Code § 36–7–4–405 (plan commission shall make recommendations to legislative body).

The very existence of the 600 series suggests that the procedures for amending a zoning ordinance are different from those for enacting the master plan. If the 500 series governed both instances, the 600 series would be superfluous.

Shortly after the resolution of this case in the trial court, the General Assembly amended the zoning code yet again. The code now differentiates between amending the text of the ordinance and the zone maps. The new code makes provisions for amendments to the text of the ordinance which have been approved by the plan commission. If the local legislative body fails to act on a recommended proposal, the proposal is enacted by operation of law ninety days after its certification. Ind.Code § 36–7–4–607(e)(3) (Burns 1987 Supp.). If the legislature rejects or amends the rec-

ommendation, it must return the proposal to the plan commission. Ind.Code § 36-7-4-607(e)(4) (Burns 1987 Supp.). If the plan commission fails to approve the rejection or amendment, the legislative body must reaffirm its rejection or amendment by another vote. Ind.Code § 36-7-4-607(e)(4)(B) (Burns 1987 Supp.).

Different provisions apply if the proposed amendment involves a change to the zone maps incorporated by reference into the zoning ordinance. If the local legislative body rejects a proposal which the plan commission has recommended, the proposal is defeated. Ind.Code § 36-7-4-608(f)(3) (Burns 1987 Supp.). This would govern the situation presented by Irving Materials.

To the extent that *Fort Wayne Plan Commission* and *Collins* are inconsistent, they are disapproved. We grant the City's petition to transfer. The trial court's order of summary judgment for appellees is reversed. The cause is remanded with directions to grant the city's motion for summary judgment as to the second count of appellees' complaint.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.