STATE EX REL. BOARD OF MEDICAL REGISTRATION &
EXAMINATION v. GOODMAN.

[No. 28,793. Filed November 5, 1951.]

*J. Emmett McManamon,* Attorney General; *Thomas L. Webber* and *Robert C. Walsman,* Deputy Attorneys General, for appellant.

*Christian, Waltz & Klotz,* of Noblesville, for appellee.

JASPER, J.—This is an action to permanently enjoin appellee from practicing medicine in the State of Indiana without a license, under §63-1311, Burns' 1943 Replacement. On January 16, 1950, an affidavit for a

change of venue was filed, and the cause was venued to the Hamilton Circuit Court. A temporary injunction issued on January 19, 1950. A demurrer was filed to the complaint and overruled, after which an answer under our Rule 1-3 was filed. On December 6, 1950, the cause was tried. Judgment denying the permanent injunction was entered on January 22, 1951. The pertinent part of the finding and judgment of the court is as follows:

> ". . . that the plaintiff has failed to prove all the material allegations of the complaint and that the plaintiff is not entitled to a permanent injunction herein . . . .
>
> "IT IS THEREFORE considered, ordered, adjudged and decreed that the plaintiff is not entitled to a permanent injunction against the defendant. . . ."

Appellant assigns as error the overruling of its motion for a new trial. The motion for a new trial alleged that (1) the decision of the court is contrary to law and (2) that it is not sustained by sufficient evidence.

The record reveals, and appellant admits, that no evidence was introduced on the question of whether or not appellee had a license to practice medicine in any of its forms. Appellant contends that the burden of proving licensure is upon appellee. Appellee contends that it is a material allegation of the complaint, and that the burden of proving the negative is on appellant.

The evidence introduced shows, among other things, that appellee was practicing chiropractic. This court on numerous occasions has held that the practice of chiropractic is the practice of medicine. *State ex rel. Board, etc.* v. *Hayes* (1950), 228 Ind. 286, 91 N. E. 2d 913. The Legislature made it

unlawful to practice medicine without a license, and until appellee obtains a license he cannot practice medicine. *State ex rel. Board, etc.* v. *Frasure* (1951), 229 Ind. 315, 98 N. E. 2d 365. In connection with the obtaining of a license, section 63-1302, Burns' 1943 Replacement, provides as follows:

> "Upon the receipt of the certificate by the applicant from the state board of medical registration and examination, the applicant shall, upon the presentation thereof to the clerk of the county in which he resides, receive from the county clerk a license to practice medicine, surgery and obstetrics within the state of Indiana. . . . In case of change of residence from one county to another within this state, the holder of a physician's license shall obtain a new license in the county where he proposes to reside, by filing with the county clerk the license obtained by him in the county in which he last resided, in the same manner as provided for on the presentation of his certificate from the state board of medical registration and examination, and the clerk shall issue him a new license."

Thus, one who wishes to practice medicine must first obtain a certificate from the State Board of Medical Registration and Examination, and submit this certificate to the clerk of the county in which he resides. It is a condition precedent to obtaining a license from the county clerk that a certificate must first be obtained from the Board of Medical Registration and Examination.

Section 63-1311, Burns' 1943 Replacement, provides, among other things, for injunctions, the pertinent part of which is as follows:

> "In charging any person in a complaint for injunction, or in an affidavit, information or indictment with a violation of this law by practicing medicine, surgery or obstetrics without a license, it shall be sufficient to charge that he did, upon a certain day and in a certain county, engage in

the practice of medicine, he not having any license to so do, without averring any further or more particular facts concerning the same."

The last-quoted statute requires that in a complaint for injunction appellant must allege that the person practicing medicine did not have a license to so do. By statute this is a necessary material negative allegation of the complaint. The evidence was undisputed, and if additional undisputed evidence had been introduced at the trial to show that appellee did not have a license, the court would have had no discretion, but, as a matter of law, would have been required to grant the permanent injunction.

Appellant argues that it was not necessary to introduce evidence that appellee did not have a license, since licensure is within the peculiar knowledge of appellee,[1] and that it would be burdensome to appellant to prove appellee had no license. Appellant relies upon the cases of *Benham* v. *State* (1888), 116 Ind. 112, 18 N. E. 454; *Stevenson* v. *State* (1879), 65 Ind. 409; and *Shearer* v. *State* (1844), 7 Blackf. 99, 100. These cases were criminal actions, in the first of which the defendant was charged with practicing medicine without a license, and in the other two of which the defendants were charged with selling liquor without a license. In the last-cited case, the court said:

"Whether the negative averment in the indictment, that the defendant had no license, was true or not, was a matter peculiarly within the knowledge of the defendant, and the *onus probandi* on the subject, therefore, lay upon him. This is one of the cases where a material averment in an indictment need not be proved by the prosecutor, on account of the great difficulty of proving it, when,

[1] See *State* v. *Wilson* (1901), 62 Kan. 621, 64 Pac. 23, 52 L. R. A. 679.

if not true, it may be so easily disproved by the defendant. And this doctrine accords with the general rule, that the affirmative of any fact stated is to be proved."

We cannot agree that in the case now before us knowledge concerning the issuance of a license to practice medicine is within the peculiar knowledge of appellee. As heretofore stated, the issuance of a certificate by the Board of Medical Registration and Examination is a condition precedent to the granting of a license by the county clerk. Whether one is entitled to a license is·therefore within the knowledge of the Board of Medical Registration and Examination. If a certificate was not issued, the license could not be obtained. It would not be burdensome for appellant to prove that no certificate had ever issued to appellee. From that proof, it would necessarily follow that he had no license. Appellant's right being based upon the negative allegation of its complaint, the negative is essential to the right of injunction, and appellant, claiming the right to injunction, has the burden of introducing such evidence as is reasonably available to it to make out prima facie proof of the negative, and, by so doing, imposing upon appellee the duty of going forward with the evidence. *Morrison* v. *California* (1934), 291 U. S. 82, 54 S. Ct. 281, 78 L. Ed. 664. Appellant failed to introduce any evidence to show that appellee did not have a license, and its failure to introduce evidence reasonably available to make prima facie proof of the negative, was a failure to prove a necessary material allegation of its complaint.

Appellee has assigned a cross-error. It is not necessary for us to consider the cross-error, since appellee seeks no affirmative relief, and since the judgment is being affirmed.

After considering the contentions of appellant, we find no error.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 2d 421.