STATE OF INDIANA ON THE RELATION OF THE STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS *v.* JEROME RICHARDSON.

[No. 1-772A26. Filed January 16, 1973.]

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellant.

*John M. O'Brien,* Loogootee, *Richard C. Rusk,* Washington, for appellee.

LYBROOK, J.—This appeal arises from the denial of injunctive relief against defendant-appellee Jerome Richardson (Richardson) to prevent him from allegedly engaging in the practice of professional engineering while not a registered engineer.

The issues as set forth in the State's brief are:

"(1) Whether the trial court erred in finding that appellee Jerome Richardson was not engaged in the practice of professional engineering.

"(2) Whether the trial court erred in finding that injunctive relief was not justified because no showing of irreparable harm had been made."

The complaint, filed by the State on the relation of the State Board of Registration for Professional Engineers and Land Surveyors (State), sought a permanent injunction pursuant to IC 1971, 25-31-1-29; Ind. Ann. Stat. § 63-1545 (Burns 1961), which reads in pertinent part:

"The attorney-general, the prosecuting attorney of any county, the state board of registration for professional engineers and land surveyors, or any citizens of any county wherein any person, not herein exempted, shall *engage in the practice of professional engineering* or land surveying, as herein defined, without first having obtained a certificate of registration, or without first having renewed an expired certificate of registration, so to practice, may, in accordance with the provisions of the laws of this state, governing injunctions, maintain an action, in the name of the state of Indiana, to enjoin such persons from engaging in the practice of professional engineering or land surveying, as herein defined, until a certificate of registration is secured, or renewed, in accordance with the provisions of this act." (Our emphasis.)

The State's complaint, filed August 23, 1971 in the Martin Circuit Court, alleges in part:

"That on the 28th day of June, 1971, the defendant entered into a contract with the Board of Works and City Council of the City of Lagootee, [sic] Indiana under the terms of which the defendant offered to perform engineering services in connection with the operation of the Sewage Disposal Plant and Water Utilities for the City of Loogootee designating himself as City Engineer for licensed and operational consultation and guidance for said utilities.

* * *

"That defendant drew certain plans for the electrical layout for said Sewage Disposal Plant which were not signed

and sealed by any licensed and registered engineer as required by Burns' (1969 Supp.), Section 63-1535, *supra,* but the defendant went ahead on this project and received payments under the terms of the contract.

"That the solicitation of the City Council of the City of Loogootee and entering into the contract by the defendant and the drawing of plans were acts that only a licensed engineer could do; but the defendant performed all of these acts while unlicensed.

"That the plaintiff has no adequate remedy at law and unless the defendant is permanently enjoined and prohibited from practicing engineering and land surveying in the state, the people of the State of Indiana will suffer great and irreparable harm.

"WHEREFORE, the plaintiff prays the Court to permanently enjoin and prohibit the defendant, Jerome Richardson, from practicing engineering and land surveying in the State of Indiana, and for all other further and proper relief in the premises."

Richardson admits he is not a licensed engineer. Therefore, the question presented for review is: Did the State meet its burden of proof that Richardson "engaged in the practice of professional engineering"? The trial court in its findings held that it did not.

IC 1971, 25-31-1-2; Ind. Ann. Stat. § 63-1518(d) (Burns 1972 Supp.) defines "practice of engineering":

"The term 'practice of engineering,' as used in this act, shall mean any professional service, or creative work, requiring engineering education, training, and experience, and requiring the application of special knowledge of the mathematical, physical, and engineering sciences to such professional services, or creative work, such as consultation, investigation, evaluation, planning, design, and supervision of construction for the purpose of assuring compliance with specifications and designs, in connection with any public or private utilities, structures, buildings, machines, equipment, processes, works, or projects. The term 'practice of engineering' shall not include the work ordinarily performed by persons who operate or maintain machinery or equipment."

The above statute in sub-section (k) also defines *"practice or offer to practice* engineering or land surveying" and the State alludes to this definition in its brief. However, the phrase "offer to practice" is not a part of the injunction statute. It appeared only in a criminal statute, IC 1971, 25-31-1-27; Ind. Ann. Stat. § 63-1543 (Burns 1961), and therefore is inapplicable to this civil action.

The evidence adduced at the trial consisted of the contract between Richardson and the City of Loogootee together with the testimony of several witnesses. The State agrees that "it would seem likely" the contract was only an offer to practice engineering. As noted above, an offer to practice engineering is not included in the injunction statute and is not applicable here.

Bernard Loeffler, the field representative for the Engineer's Registration Board who investigated the complaint against Richardson, testified that he had seen electrical control drawings with Richardson's name in the title block, but that he could not say whether the plans called for any alterations of existing facilities or not.

Robert McMurray, Secretary of the Indiana State Board of Registration for Professional Engineers and Land Surveyors, testified that Richardson was not a registered engineer, that there were some newspaper accounts which "stated that Mr. Richardson as an engineer had made proposals to the City of Loogootee", that the Board of Registration for Professional Engineers and Land Surveyors had written a letter to the Mayor of Loogootee concerning the above-mentioned contract, and that Richardson had stated he had been paid approximately $200.00 pursuant to the contract. He further testified:

"Q. Are there not electrical diagrams prepared by the electricians?

A. Yes.

Q. Were they practicing engineering when they prepared an electrical diagram?

A. Not necessarily."

Joseph C. Krueger, a sanitary engineer with the State Board of Health, testified that Richardson came to his office in September, 1971, to discuss the Loogootee Sewage Treatment Plant. He further testified that Richardson stated he was not a registered engineer and that Richardson did not request Krueger to approve the plans, nor did he even offer to submit them. Krueger further testified that he never even saw the plans which were never unrolled because he refused to look at them since they did not bear the seal of a duly licensed engineer.

Richardson never held himself out as a registered engineer. Even in his "unregistered" status, however, he could lawfully carry plans under his arm, enter contracts, act as City Engineer of Loogootee and draw electrical sketches outlining problems in the city system for the purpose of conferring with experts at the State Board of Health.

After reviewing the evidence, we agree with the trial court's finding of fact No. 7:

> "The plaintiff State of Indiana, failed to prove by a preponderance of the evidence that the defendant Jerome Richardson did engage in the practice of professional engineering as defined by Statute. (Burns 63-1518)."

Having resolved the dominant and overriding question presented here, we hold appellant's second contention moot.

Judgment affirmed.

Robertson, P.J. and Lowdermilk, J., concur.