STATE of Indiana, on the relation of the DEPARTMENT OF NATURAL RE-SOURCES, Appellant (Plaintiff Below),

v.

John C. MASON et al., Appellees (Defendants Below).

No. 3–880A244.

Court of Appeals of Indiana, Fourth District.

Feb. 26, 1981.

Rehearing Denied April 21, 1981.

Linley E. Pearson, Atty. Gen., Michael Schaefer, Asst. Atty. Gen., Indianapolis, for appellant.

Thomas H. Singer, Lysohir & Singer, South Bend, for appellees.

MILLER, Judge.

The Department of Natural Resources (Department) appeals the denial of its complaint for injunctive relief against John C. Mason. The Department sought both a prohibitory injunction to prevent alteration of the Lake Wawasee shoreline adjacent to Mason's property and a mandatory injunction to require restoration of the shoreline and lakebed to the natural condition existing prior to Mason's excavation in preparation for constructing a seawall pursuant to a permit for such construction issued by the Department.

On appeal the Department claims two issues are before us for review:

1) In denying the Department's complaint, did the trial court apply the wrong burden of proof in utilizing the "clear and convincing" standard as opposed to the "preponderance of the evidence" standard?

2) Was the trial court's denial of injunctive relief contrary to the evidence in that the Department carried its burden of proof that Mason "radically" departed from the scope of authorized excavation contained in the permit?

For the reasons stated below, we reverse the judgment of the trial court.

## FACTS

On November 22, 1976 Mason filed with the Department his "Application for Approval to Alter Shoreline Bed of a Capital Public Fresh Water Lake." This application sought the Department's permission to construct a seawall on his property adjacent to Lake Wawasee. Pursuant to Ind.Code 13-2-11-2, the Department approved the application on January 14, 1977. Pertinent to this appeal are two provisions in the permit, the first of which authorized Mason to "[c]onstruct a concrete seawall in conformance with [the] attached sketch, . . . ." The second provision *limited* the Department's approval "to the description and specifications set forth [in the permit including the attached sketch] and any variation therefrom shall invalidate and render this approval void from date of such variation." The sketch attached to the permit and contained in the record does not indicate that any excavation would occur 15 to 20 feet from the shoreline. Further, neither the permit nor the sketch authorized construction of any boat channel at any distance from the shoreline.

Pursuant to this permit, in September, 1977 Mason began preparing the shoreline and adjacent area for construction of the authorized seawall by excavating a firm base sufficient to support its estimated weight of 240 tons. Mason utilized a dragline allegedly to clear away the necessary amount of silt, clay and muck located next to Mason's property in the lake, effectively creating a boat channel six to seven feet deep in an area 15 to 20 feet from the shoreline.

Mason's excavation activities were observed by Dean Jessup, the Department's property manager for the Tri-County Fish & Game Preserve near Lake Wawasee in Kosciusko County. Specifically, Jessup watched Mason operate a large crane and boom casting a large bucket over the shoreline out into the lake. The bucket disappeared under the water, which was covered with spatterdock or water lilies, and surfaced each time with lake bottom material. The bucket would then swing back over the shoreline and deposit the material on Mason's property. In conducting this dredging operation the crane was on Mason's property approximately ten feet from the shoreline. Rather than dredge parallel to the

shoreline, the bucket was cast perpendicular to the shoreline and dredged approximately 20 feet from the shoreline. At trial Mason admitted operating these dredging activities, but claimed they were authorized by the permit.

Based on Jessup's observations, on September 10, 1977, the Department filed a complaint in Kosciusko County seeking a preliminary and permanent injunction [1] preventing Mason from operating any dragline or other device in the water or lakebed of Lake Wawasee. After Mason successfully sought a change of venue to the Elkhart Circuit Court, removed the Elkhart Circuit Judge and had a special judge, Myron J. Hack, appointed, the Department amended its original complaint. This amended complaint adopted the paragraphs contained in the original complaint and sought a prohibitory injunction preventing operation of any dragline or other earth moving equipment in the waters or lakebed as well as a mandatory injunction requiring Mason to restore the lakebed. Ultimately, a trial on this amended complaint was held on January 10, 1980.

At trial the testimony demonstrated that some disruption of the lakebed inevitably accompanied construction of a seawall. To show that Mason exceeded the scope of his permit, the Department through two expert witnesses [2] introduced evidence that the proper method for constructing a seawall utilized a backhoe instead of a dragline. According to this testimony, the former method is the standard excavating method for constructing a seawall since it exerts a downward, positive force, both vertically and horizontally, making a clean, perpendicular cut at the seawall foundation. The dragline method is not a sound engineering technique for excavating the foundation since it is incapable of exerting any downward force once it hits bottom. Rather, the

deepest point of a dragline cut is at its point of entry and from that point an arc is made to the exit point. Therefore, it is impossible to have the clean, perpendicular cut necessary for a level foundation. Instead, the sole value in utilizing a dragline was that it would be faster and less expensive than a backhoe in moving a given amount of soil. Additionally, during excavation, Mason's crane was not properly located to excavate the proposed foundation even if a dragline was an acceptable construction method. It was so close to the proposed foundation (only 10 feet from the shoreline) it was not possible from that point to excavate the foundation. Finally, excavating 20 feet from the shoreline did not contribute to the construction of the foundation.

The ultimate results of Mason's excavation activities were the reduction of the lakebed from a depth of two to three feet to six to seven feet for a distance of 20 feet from the shoreline thus creating a boat channel with the accompanying destruction of vegetation in the area. Further, Mason admitted paying persons to kill such vegetation (by spraying) even though this was unnecessary for constructing his seawall. The admitted purpose of destroying the vegetation was to make boat access easier to and from his property, effectively increasing the value of his property.

After hearing the testimony and considering the exhibits submitted at trial, as well as the proposed findings of fact and conclusions of law submitted by both parties, Judge Hack denied the Department's request for prohibitory and mandatory injunctions entering judgment in favor of Mason with costs assessed to the Department. Since neither party requested findings of fact and because Judge Hack felt Ind. Rules of Procedure, Trial 65(D) and, by extension, Ind. Rules of Procedure, T.R. 52,

---

1. Ind.Code 13–2–11–5 authorizes the Department to seek injunctive relief as the sole means of enforcing the provisions contained in IC 13–2–11–1 through 13–2–11–7 which concern the preservation of fresh water lake.

2. Lewis Trent, an employee of the Division of Water in the Department for 16 years had ex-

tensive construction experience with seawalls and retaining walls including time served with the Army Corps of Engineers. Charles Stuckmen had constructed seawalls for 22 years through his own company. He stated that his company built "several thousand feet" of seawalls each year.

required such findings only if an injunction or a temporary restraining order was issued, no findings of fact or conclusions of law were entered. Rather, the judge filed an explanatory memorandum with the judgment, the relevant portion of which stated:

"By way of explanation of its foregoing Judgment, the Court now observes as follows:

. . . . .

3. It is the opinion of the undersigned that, as announced in a long line of cases, of which *Schwartz v. Holycross* (1925), 83 Ind.App. 658, [149 N.E. 699], is typical, the governing standard as to burden of proof may be expressed as the "clear and convincing evidence" standard. Although seldom definded [*sic*] successfully, it seems reasonable to conclude that this standard is something less than the reasonable doubt standard that applies to criminal cases but something more than the "mere preponderance" standard that applies in most classes of civil cases. It is also noted that the issuance of injunctions is governed by the kinds of considerations reflected in *Schwartz v. Holycross*; whether the issuance of injunctions is in fact a "matter of grace and not of right," it is apparent on the present record that a refusal to grant injunctive relief will not cause appreciable harm to Plaintiff, while granting such relief would be unnecessarily burdensome and disruptive of defendants' lawful activity, resulting in serious hardship and injustice to them.

. . . . .

8. The burden lay upon plaintiff to demonstrate that defendants departed radically from the scope of the work authorized by the permit, and to demonstrate that by clear and convincing evidence. Plaintiff has failed in that burden. The Court does not reach the question of whether defendants were improperly motivated, for it does not find that defendants in fact departed from the scope of the permit issued. Strictly speaking, the Court does not reach the question of balancing hardship against appreciable harm; rather, it subsumes the proposition that defendant determined the agreeable allowable harm in issuing the permit, thus that it is bound to that extent. Since, as noted, it has failed to prove by clear and convincing evidence that the permitees exceeded the authority granted to them by the permit, the Court does not and cannot find on this record that there has been any appreciable harm beyond the scope of that permitted.

Accordingly, the undersigned Special Judge concludes that, on the law and the evidence plaintiff is not entitled to the relief requested."

## DECISION AND DISCUSSION

In reviewing a trial court's discretionary power to grant or deny an injunction, this Court considers only that evidence which supports the trial court's judgment along with all reasonable inferences which may be drawn therefrom. Only if the evidence leads to one conclusion, yet the court's judgment represents the opposite conclusion (a clear abuse of discretion), will we reverse that judgment. Otherwise, if the evidence is sufficient to support the judgment below, it will be affirmed. Additionally, upon appeal this Court may not determine the witnesses' credibility nor reevaluate the evidence in any other way. *DeMayo v. State ex rel. Dept. of Natural Resources*, (1979) Ind.App., 394 N.E.2d 258 (where this Court upheld a mandatory injunction ordering the DeMayos to remove five feet of their patio-seawall which encroached upon the legal shoreline of Lake Gage in Steuben County); *Elder v. City of Jeffersonville*, (1975) 164 Ind.App. 422, 329 N.E.2d 654.

The trial court denied the Department's request for injunctive relief because it failed to show by "clear and convincing evidence" that Mason "departed radically from the scope of the work authorized by the permit" so as to constitute "any appreciable harm beyond the scope of [the Department's permit]." The permit issued by the Department only authorized construction of a seawall; it did not approve dredging a boat channel. While the permit was

silent as to the proper engineering techniques for constructing the seawall, obviously the Department issued the permit assuming that proper engineering techniques would be utilized to build a safe and sound seawall.

▬ The uncontradicted evidence demonstrated that the dragline method utilized by Mason is not an accepted engineering technique for creating a seawall foundation. Rather, the proper engineering technique would utilize a backhoe method to ensure a level foundation. Additionally, assuming *arguendo* that the dragline method was not improper under the permit, the uncontradicted evidence established that dredging a channel 15 to 20 feet away from the shoreline (the location of the seawall) was unnecessary to the authorized construction of the foundation. Such action on Mason's part effectively created an unauthorized boat channel providing access to and from his property thereby enhancing its value. This construction clearly was a variation from "the description and specification set forth" in the permit. This evidence leads to one conclusion—Mason departed radically from the scope of the work authorized by the seawall permit in that he both utilized an unacceptable engineering technique and constructed an unauthorized boat channel. We find the court abused its discretion in this matter, reverse its judgment and remand with direction to grant the injunctive relief requested by the Department.[3]

Reversed and remanded with instructions.

YOUNG, P. J., and CHIPMAN, J., concur.

---

**3.** Irrespective of Judge Hack's opinion that "the governing standard as to burden of proof [in injunction cases is] the 'clear and convincing evidence' standard," we feel Indiana law merely requires a showing by "the preponderance of the evidence." *See State ex rel. St. Bd. of Reg. for Prof. Eng. & Ld. Surv. v. Richardson,* (1973) 155 Ind.App. 88, 291 N.E.2d 373; 42 Am.Jur.2d *Injunctions* § 287 (1969); 43A C.J.S. *Injunctions* § 212 (1978). The case relied upon by the trial court to support its conclusion, *Schwartz v. Holycross,* (1925) 83 Ind.App. 658, 149 N.E. 699, does not adopt, explicitly or implicitly, the "clear and convincing" standard. As we read this case, it merely suggests that, where evidence indicates no appreciable damage exists and the mandatory writ would require performance of a difficult act involving considerable expense, such a situation clearly would not justify injunctive relief.

In *State ex rel. St. Bd. of Reg. for Prof. Eng. & Ld. Surv. v. Richardson, supra,* the trial court issued a finding of fact that the State had " 'failed to prove by the *preponderance* of the evidence that the defendant Jerome Richardson did engage in the practice of professional engineering as defined by [Indiana statute].' " (Emphasis added.) *Id.* 155 Ind.App. at 92, 291 N.E.2d at 376. While in deciding this case the Court of Appeals did not address the issue of the proper burden of proof for an injunction, it did state its agreement with the previously quoted finding of fact thereby implicitly accepting "preponderance of the evidence" over "clear and convincing."

Further, as noted earlier, we can reverse the trial court's granting of a mandatory injunction only upon a clear showing of an abuse of discretion, which has been defined as: "... an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *McFarlan v. Fowler Bank City Trust Co.,* (1938) 214 Ind. 10, 14, 12 N.E.2d 752, 754, (quoted in *Elder v. City of Jeffersonville, supra* 164 Ind.App. at 427, 329 N.E.2d at 657). It follows that we must, therefore, affirm the trial court in cases such as the one before us where a preponderance of the evidence supports the judgment. While the trial court erred in adopting the higher burden of proof standard, we do not base our decision on this error since the evidence leads solely to the conclusion that Mason radically departed from the scope of his permit.

Finally, we comment that it was unnecessary for the Department to show either irreparable injury or a balance of hardship in its favor inasmuch as the acts sought to be enjoined had been declared unlawful by our Legislature. *DeMayo v. State, ex rel. Dept. of Natural Resources, supra.*