**KOSCIUSKO COUNTY BOARD OF ZONING APPEALS, and John and Diane Cripe, Appellants,**

v.

**Julie WYGANT, Appellee.**

No. 43S04–9412–CV–1216.

Supreme Court of Indiana.

Dec. 15, 1994.

Michael W. Reed, Reed & Earhart, Warsaw, for appellant.

Stephen R. Snyder, Donald K. Broad, Beckman Lawson Sandler Snyder & Federoff, Syracuse, for appellees.

ON PETITION TO TRANSFER

DeBRULER, Justice.

Appellant Kosciusko County Board of Zoning Appeals sought an injunction to require the removal of a building owned by Appellee (Cross-Appellant) Julie Wygant that violated a local zoning ordinance. The trial court denied the injunction and imposed a fine on Appellee, who challenged the validity of the ordinance and its enforcement. In a memorandum opinion the Court of Appeals upheld the trial court's denial of injunction and de-

termination that the ordinance was valid and properly enforced in this case, 618 N.E.2d 65.

The issues presented are as follows:

1) whether the Zoning Ordinance is valid; and

2) whether the denial of the permanent injunction was abuse of discretion.

### Facts

Appellee Wygant owns a piece of land in Kosciusko County, Indiana, located on Lake Wawassee. Shortly after purchasing the property she began to plan extensive remodeling. On March 26, 1991, Appellee's brother, Dee Wygant, went to the Kosciusko County Area Plan Commission to obtain an improvement location permit. The Ordinance Administrator did not issue the permit at that time because he thought that the already existing house was too close to the property line. After receiving from Dee assurances regarding the distance and other information, the ordinance administrator issued the permit.

During the remodeling, Appellee discovered that the house was infested with powder post beetles and decided to tear most of it down and rebuild. On May 17, Dan Richard, the Director of the Area Plan Commission, inspected Appellee's site and determined that this rebuilding exceeded the express terms of the permit. On May 21, Richard sent a letter to Appellee's attorney telling him that because the new structure had greater coverage than the original structure, in violation of § 3.62 of the Zoning Ordinance, the permit was being revoked, and that continued construction was at Appellee's risk.

Appellee continued to build. On May 30, Appellant Board responded by filing a Verified Complaint for Preliminary and Permanent Injunction and Damages. The court denied the preliminary injunction because the framing of the new structure was complete and the court decided that the only additional harm that Appellee could do would be to herself, i.e., the cost of demolishing the building later.

On June 28, Appellee filed a petition with the Board for both a variance and a special exception. The former was needed because the new structure was closer to the property

line than the old one and the latter was needed because of the increase in cubic content of a non-conforming use.

On August 13, the Board held a public hearing to consider Appellee's petition. At the end of the hearing both were denied. Appellant gave the following reasons: 1) the structure posed a health and safety risk, violating the Fire Code; 2) the new structure caused a maintenance and trespass problem on the East side since it was less than a foot from the property line; 3) the denial works no hardship on Appellee since she was on notice of her violations; and 4) property values might suffer because of the encroachment problem and fire hazard of this new building.

Appellee challenged this denial in Kosciusko County Circuit Court on August 29, claiming *inter alia* that the ordinance was invalid. In a separate order issued on January 24, 1992, the court determined that the ordinance was valid. At the trial on December 5, 1991, the court affirmed the denial of the variance and the special exception. However, the court denied the injunction and imposed a fine of $1,500.00 on Appellee.

### I

Appellee Wygant claims that the Zoning Ordinance is invalid because there was improper, though not inadequate, notice. The enabling statute then in effect required "ten (10) days notice by publication in a newspaper of general circulation within the county...." Ind.Code § 18–7–4–48 (Burns 1974). Publication occurred 21, 20, 14, and 13 days prior to the hearing on adoption of the ordinance. Appellee urges that we interpret this as requiring publication exactly ten (10) days before the hearing.

Appellee relies on *Town of Beverly Shores Plan Com'n v. Enright* (1984), Ind., 463 N.E.2d 246. In that case we held that where a statute requires that "notice shall be published at least twice within [10] days before the time set for the hearings", *Id.* at 248 (emphasis omitted), an ordinance adopted after hearings where the first notice was published eleven (11) days before the hearings was invalid. In the instant case the statute

mandated "ten (10) days notice by publication", never indicating when the publication had to occur so long as the affected area had ten days notice. Here, unlike the notice given in *Beverly Shores,* the notice satisfied the applicable statute.

## II

Appellant Board next claims that the trial court improperly denied its request for a permanent injunction. The Board argues that once it has shown the existence of a valid zoning ordinance and a violation of that ordinance then the trial court's refusal to issue an injunction constitutes abuse of discretion. We agree with the Board's claim in spite of the excessive breadth of its argument.

Ordinarily the granting or denying of an injunction is a matter left to the sound discretion of the trial court. "Judicial discretion is the option which the judge may exercise between the doing and the not doing of a thing, the doing of which cannot be demanded as an absolute right of the party asking it to be done." *McFarlan v. Fowler Bank City Trust Co.* (1938), 214 Ind. 10, 14, 12 N.E.2d 752, 754, *reh'g denied.* We do not review the trial court's exercise of discretion but only the alleged abuse of that power. *Id.*

The Board's mistake is in assuming that the violation of a valid zoning ordinance is, by itself, sufficient to mandate the issuance of an injunction. The Board relies on *DeSchamps v. Board of Zoning Appeals of Kokomo* (1961), 241 Ind. 615, 174 N.E.2d 581. However, *DeSchamps* involved the question of whether such a violation was sufficient to sustain the grant of an injunction, which it was and is. This case presents the question of when the issuance of an injunction is *required.*

Central to this case is the fact that the Board is seeking to protect interests beyond simple compliance with the Zoning Ordinance. Specifically, the Board seeks compliance with the Fire Code and the protection of contiguous property. Communities rely on local zoning boards to protect their interests in the proper utilization of land. In such circumstances the unavailability of in-junctive relief renders the available protection of property owners a nullity.

We hesitate to establish a rule requiring the issuance of an injunction, since such rules tend to undermine the discretionary nature of equitable remedies. However, we have been willing to diminish the discretionary authority of judges in other contexts where it was necessary in order to safeguard important interests of the community. For example, in confronting the issue of the availability of injunctive relief to prevent the unlicensed practice of medicine, we wrote, "The evidence was undisputed and if additional undisputed evidence had been introduced at trial to show that appellee did not have a license, the *court would have had no discretion, but, as a matter of law, would have been required to grant the permanent injunction." State Board of Medical Registration and Examination v. Goodman* (1951), 230 Ind. 38, 42, 101 N.E.2d 421, 422 (emphasis added).

More recently, our Court of Appeals confronted a case similar to the one currently before us and had no difficulty in reversing the trial court's denial of injunctive relief:

> In reviewing a trial court's discretionary power to grant or deny an injunction, this Court considers only that evidence which supports the trial court's judgment along with all reasonable inferences which may be drawn therefrom. Only if the evidence leads to one conclusion, yet the court's judgment represents the opposite conclusion (a clear abuse of discretion), will we reverse that judgment. Otherwise, if the evidence is sufficient to support the judgment below, it will be affirmed.

> \*    \*    \*    \*    \*    \*

> [Since Appellee] departed radically from the scope of the work authorized by the seawall permit ... [w]e find the court abused its discretion in this matter, reverse its judgment and remand with direction to grant the injunctive relief requested....

*State Department of Natural Resources v. Mason* (1981), Ind.App. 416 N.E.2d 1312, 1315–16, *trans. denied.* This result required the defendant to restore the lakebed and

shoreline to its natural condition as it existed before any construction began. *Id.*

We long ago recognized that the availability of injunctive relief is crucial. "[A]n individual who shows that the erection of a building is forbidden by a valid ordinance, and shows in addition that its erection will work special damages to him and his property, is *entitled* to relief by injunction." *Fidelity Trust Co. v. Downing* (1946), 224 Ind. 457, 464, 68 N.E.2d 789, 792 (citing *First National Bank of Mt. Vernon v. Sarlls* (1891), 129 Ind. 201, 204, 28 N.E. 434, 435) (emphasis added). A local zoning authority is no less entitled and denial of such relief is an abuse of discretion.

### Conclusion

Accordingly, we grant transfer, vacate the decision of the Court of Appeals, and remand to the trial court for further consistent proceedings.

SHEPARD, C.J., and SULLIVAN, J., concur.

GIVAN, J., dissents with opinion.

DICKSON, J., concurs and dissents with separate opinion.

GIVAN, Justice, dissenting.

I cannot agree with the majority opinion in this case that the trial judge abused his discretion in refusing an injunction requiring appellee to demolish a partially reconstructed house.

As pointed out by the majority, the trial court in fact did hold the ordinance under which the Board was operating valid, found that the appellee was in violation, and in fact fined the appellee $1500 for violation. However, I think the trial court acted within its sound discretion in refusing to order the partially renovated building to be destroyed.

It is obvious that a building in fact had existed on the premises. When renovation was started, it became apparent that considerable damage had been done by insects, and it in fact was more practical to completely rebuild the structure. It was in the rebuilding of the structure that appellee violated several facets of the code, including a failure to get permission to rebuild.

It seems obvious the trial court felt it was too harsh to require a total dismantling of the structure when there was a possibility for a revamping of the plans to bring the structure within the mandates of the ordinance. I do not believe this Court is in a position to reweigh those facts to such an extent as to order a complete demolition and require the appellee to start over with a bare lot. The trial court was in a far better position to make this judgment than is this Court.

I would affirm the trial court.

DICKSON, J., concurs.

DICKSON, Justice, concurring and dissenting.

I concur with Part I of the majority opinion. However, I respectfully dissent from Part II, which may be read to hold that a local zoning authority is automatically entitled, as a matter of mandatory law, to relief by injunction. I disagree. The issuance of injunctive relief should be left to the discretion of the trial court and subject to appellate review only for abuse of that discretion. The majority's conclusion emphasizes the phrase "*entitled* to relief by injunction," quoting *Fidelity Trust Co. v. Downing* (1946), 224 Ind. 457, 464, 68 N.E.2d 789, 792 (emphasis added). In contrast to the present facts, however, the language in *Fidelity Trust* was employed to affirm the grant of an injunction, not to reverse the denial of an injunction.

Injunctive relief has traditionally been a discretionary form of relief, based upon the trial court's weighing and balancing of the equities. While this Court has determined that injunctive relief must always, as a matter of law, be granted in certain types of situations (*see, e.g., State Bd. of Medical Registration and Examination v. Goodman* (1951), 230 Ind. 38, 101 N.E.2d 421, mandating the grant of a permanent injunction where evidence of the unlicensed practice of medicine is undisputed), I would decline to add zoning violations to this list. It is important that we preserve the discretion of the trial court to decide on a case-by-case basis whether injunctive relief is appropriate.

**116**

Because the Board is appealing from a negative judgment of the trial court, appellate reversal should occur only if the evidence is without conflict and leads exclusively to a conclusion contrary to that reached by the trial court. I do not find this standard to be met. Due to the equitable nature of the trial court's authority in determining whether or not to grant injunctive relief, I cannot conclude that the trial court abused its discretion.