**REAL ESTATE DEVELOPMENT COMPANY, a General Partnership, et al., Plaintiffs,**

v.

**CITY OF FLORENCE et al., Defendants.**

**No. 1573.**

United States District Court,
E. D. Kentucky,
Covington Division.

June 7, 1971.

**514**

Bamberger & Feibleman, Indianapolis, Ind., O'Hara, Ruberg & Cetrulo, Covington, Ky., for plaintiffs.

Raymond R. Vincent, Florence, Ky., for City of Florence and Richard L. Carr.

Duane L. Vincent, Florence, Ky., for Boone County Planning Commission.

William P. McEvoy, Burlington, Ky., for Boone County Fiscal Court, Bruce, Ferguson and Members Boone County Fiscal Court.

## MEMORANDUM

SWINFORD, District Judge.

Plaintiffs, Real Estate Development Company, et al, are attempting to enjoin the enforcement of a moratorium resolution adopted by the City of Florence which suspends the construction of high density apartment dwellings within the City until the City can determine, pursuant to a detailed independent analysis, the effect such buildings would or might have on its sanitary sewage facilities. At this time no zoning ordinance precluding the erection of multiple unit apartment buildings has been enacted by the legislative bodies of the City. Plaintiffs contend that the City's moratorium is unconstitutional for a variety of reasons.

■ It is the judgment of the court that injunctive relief is, at this time, improper. Assuming arguendo that the moratorium resolution is unconstitutional, the effect of enjoining the enforcement of it would be to proscribe by judicial fiat the adoption of any zoning ordinance disallowing the construction of high density apartment buildings. By enjoining the enforcement of the moratorium the court would be enjoining the City's authority to exercise its legislative discretion. The moratorium, as the court views it, is simply a preliminary step in determining what legislative action the City shall take. Perhaps the moratorium is indicative of what the City will do or intends to do, but it (the moratorium) cannot be considered to be the final exercise of the City's legislative authority. Plaintiffs cannot state with certainty that the City's final legislative action will be unfavorable to them. The legislative action of the City in regard to the zoning question, which is in reality the subject matter of this litigation, is merely in its nascent stage, and this court does not have the authority to interfere with that process.

■ A court of equity will not interfere with or enjoin the passage by a municipal body of an ordinance or resolution, regardless of the constitutionality of that ordinance or procedure by which it is adopted. It is generally agreed that persons claiming to be aggrieved by proposed municipal legislative action must be put to the remedies available to them in a court of law after the legislative function has been exercised. Section 170 of 42 Am.Jur.2d Injunctions, includes the following language:

"A municipal council or governing body, when acting or attempting to act in a legislative capacity upon a subject within the scope of its powers, is entitled to the same immunity from judicial interference as is the state legislature or any other lawmaking body. A court of equity, being vested

with judicial, not legislative, powers, cannot properly interpose any obstacle to the exercise of the legislative discretion vested in such municipal body, nor will it enjoin the mayor of a city from signing or approving an ordinance. * * *, a court of equity will not enjoin a municipal legislative body from exercising legislative powers, even though its action may be unconstitutional or ultra vires, especially at the suit of a private party, since by so doing it would virtually sit in judgment on proposed city legislation in advance of its enactment, thus interrupting the city's exercise of its legislative functions. This is something more than a mere rule established by precedent; it is a constitutional limitation of power. It is not a question of the propriety, or expediency, or wisdom of the proposed action, but a question of the power of the municipal body and the jurisdiction of the court. To allow municipal corporations to be impeded or restrained in the exercise of their legislative powers at the will or caprice of anyone who might believe that a particular act or ordinance might prove injurious to him would interfere seriously with and completely disarrange the administration of the government of a municipality, and the mischievous consequences that might result are too apparent to permit such judicial control. It is not regarded as sufficient ground for enjoining the passage of an ordinance that it would be invalid as creating a contract in violation of some constitutional provision, or that it would impair the obligation of a contract entered into by the corporation, or impair a franchise or privilege already granted by it.

"A municipal council, like other legislative bodies, is liable to commit errors which may be fatal to its action, but that does not take away its power to act. Nor has a court of equity any place in such council to supervise or superintend its proceedings; it has no power to prevent action by the council in enacting or amending ordinances merely because the mode or manner of the council's procedure may be irregular."

The Kentucky Court of Appeals, in Avey Drilling Mach. Co. v. Lukowsky, 261 S.W.2d 432 (1953), quoted as follows from the opinion of the Supreme Court's decision in New Orleans Waterworks v. City of New Orleans, 164 U.S. 471, 17 S.Ct. 161, 41 L.Ed. 518 (1896):

"'But the courts will pass the line that separates judicial from legislative authority if by any order, or in any mode, they assume to control the discretion with which municipal assemblies are invested when deliberating upon the adoption or rejection of ordinances proposed for their adoption. The passage of ordinances by such bodies are legislative acts, which a court of equity will not enjoin.'"

This court is satisfied that the nullification of the moratorium which the plaintiffs have attacked, would, at this particular time, be a wrongful encroachment on the defendant City's right to exercise its legislative discretion. An order denying temporary injunctive relief in accordance with this memorandum will this day be entered.