STATE EX REL. PLAN COMMISSION *v.* LAPORTE SUPERIOR CT. NO. 1, AND HONORABLE NORMAN H. SALSWASSER, PRESIDING JUDGE.

[No. 872S105. Filed July 10, 1973.]

*Donald E. Transki,* City Attorney, of Michigan City, for relators.

*Eugene H. Haviland,* of Michigan City, for respondents.

DeBruler, J.—This is an original action in this Court brought by the Michigan City, Indiana Common Council, and its Plan Commission against the LaPorte Superior Court No. 1. We issued a temporary writ of prohibition against the respondent court, prohibiting further exercise of jurisdiction in a suit for injunction, restraining order and damages, brought by Thomas Fadell and others against relators.

Attendant briefs and answer of respondent were filed following issuance of the temporary writ.

In the suit below out of which this original action arises, Fadell and others are the owners of two parcels of land totaling about 35 acres in all, located within the zoning jurisdiction of Michigan City, Indiana. An amendment to the zoning ordinance of the City was initiated by the Common Council, the effect of which, if enacted, would be to change the zoning classification enjoyed by plaintiffs' land. The pro-

posed ordinance was referred to the City's Plan Commission for notice and public hearing. The Plan Commission recommended that the Council disapprove the proposed amendment. The Council chose to go ahead with its consideration of the amendment with a view toward ultimate adoption. The landowners, Fadell and others, filed their suit for injunction and damages requesting an injunction against the threatened adoption of the City Council of the proposed amendment and also requesting damages. The relators, defendants below, appeared and filed a motion to dismiss under TR. 12 attacking jurisdiction of court over subject matter and failure to state a claim. Plaintiff landowners filed a verified application for restraining order. After argument, relator's motion to dismiss was overruled and plaintiffs' application for restraining order was granted. Following a general finding for plaintiff on the application the restraining order continues in pertinent part as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the court that the defendants, Michigan City Plan Commission, Michigan City Common Council, and Sara Vivian, President of the Common Council of the City of Michigan City, Indiana be and they are hereby restrained from taking any further action on Ordinance 2125 of the City of Michigan City, Indiana, or in taking any further action that would result in the rezoning of Plaintiffs' property as described in Plaintiff's complaint until further order of this court."

The issue presented by this case is whether the trial court has authority to entertain this action and to issue the above restraining order.

The enactment of amendments to zoning ordinances by municipal councils is within the police power of the State. *Euclid, Ohio* v. *Ambler Realty Co.* (1926), 272 U.S. 365, 47 S. Ct. 114, 71 L. Ed. 303; *Krimendahl* v. *Common Council of City of Noblesville* (1971), 256 Ind. 191, 267 N. E. 2d 547. Such amendments must be reasonable and for the public welfare in the same manner as the original

zoning ordinance. In enacting them, the local legislative body is exercising legislative authority. *Krimendahl, supra; Wright* v. *Marion County Plan Comm'n* (1960), 130 Ind. App. 203, 163 N. E. 2d 259. The authority of the local legislative body to enact zoning ordinances and amendments thereof is delegated to it by the Planning and Zoning Act, and the procedures set up in the statute must be complied with. *Krimendahl, supra; Chustak* v. *Porter Co. Plan Comm'n* (1972), 284 N. E. 2d 549. Our trial courts do, of course, have jurisdiction to entertain suits challenging the validity of an amendment to a zoning ordinance, after it has been adopted, and in a proper case to enjoin the amendment's enforcement. *State ex rel. Saylor Development Co.* v. *Circuit Court of Marion County* (1960), 240 Ind. 648, 167 N. E. 2d 470; *State ex rel. Municipal City of South Bend, et al.* v. *The St. Joseph Superior Court Number Two, et al.* (1958), 238 Ind. 88, 148 N. E. 2d 558. Petitioner, Michigan City Council, contends that the respondent court has no authority to enjoin it from introducing, investigating and enacting the proposed amendment to the zoning ordinance. It claims that there is no justiciable issue prior to the enactment of the amendment, and that the council may not be restrained, as it was, since the purpose and effect of the restraining order and suit is to stop the legislative process. Respondent agrees that the general rule throughout the nation is that equity will not interfere with a municipal body in exercise of powers purely legislative in character. Such does indeed appear to be a rule generally followed in a majority of jurisdictions. 42 Am. Jur. 2d § 171. Actually the rule has been formulated more restrictively against judicial intervention than respondent would accept. The United States Supreme Court held in *New Orleans Waterworks Co.* v. *City of New Orleans* (1895), 164 U.S. 471, 17 S. Ct. 161, that even if a proposed municipal ordinance, legislative in character, were unconstitutional or illegal, equity would not enjoin its consideration or passage.

"In view of the adjudged cases, it cannot be doubted that the legislature may delegate to municipal assemblies the

power of enacting ordinances that relate to local matters, and that such ordinances, if legally enacted, have the force of laws passed by the legislature of the state, and are to be respected by all. But the courts will pass the line that separates judicial from legislative authority if by any order, or in any mode, they assume to control the discretion with which municipal assemblies are invested when deliberating upon the adoption or rejection of ordinances proposed for their adoption. The passage of ordinances by such bodies are legislative acts, which a court of equity will not enjoin.

The mischievous consequences that may result from the attempt of courts of equity to control proceedings of municipal bodies when engaged in the consideration of matters entirely legislative in their character, are too apparent to permit such judicial action as this suit contemplates. We repeat that when the city council shall pass an ordinance that infringes the rights of the plaintiff, and is unconstitutional and void as impairing the obligation of its contract with the state, it will be time enough for equity to interfere, and by injunction prevent the execution of such ordinance."

Cases from other jurisdictions which have considered the specific issue presented here of whether a court exercising its equitable powers may enjoin the enactment of amendments to local zoning ordinances, and they too have held that an injunction would not issue to restrain the adoption of an amendment to a local zoning ordinance, even if such ordinance were unconstitutional or passed without following prescribed procedures. *Real Estate Development Co.* v. *City of Florence,* 327 F. Supp. 513 (E. D. Ky., 1971); *Zaring* v. *Adams* (1939), 188 Ga. 97, 3 S. E. 2d 635; *Randall* v. *Township Bd. of Meridian Twp., Ingham County* (1955), 342 Mich. 605, 70 N. W. 2d 728; *Passaic Junior Chamber of Commerce, Inc.* v. *Housing Authority of the City of Passaic* (1957), 45 N. J. Super. 381, 132 A. 2d 813; *Piper* v. *Town of Meridith* (1969), 109 N. H. 328, 251 A. 2d 328. The general rule has at its base, the doctrine of separation of powers. We agree with it, and as applied here, it serves to deny to respondent the authority to issue the restraining order set out above.

Respondent contends that there are exceptions to the general prohibition against the exercise of equity jurisdiction, fettering legislative consideration and adoption. In *Roberts* v. *Louisville* (1891), 92 Ky. 95, 17 S. W. 216, the city council of the City of Louisville was successfully enjoined from enacting an ordinance authorizing the city to transfer the title to wharves of the city along the river from the city to the commissioners of the sinking fund. The authority of the trial court to restrain the passage of this ordinance was upheld on appeal on the grounds that under the city's charter, the city had the explicit duty to keep and maintain its properties for the benefit of the public and that it held such property as trustee for the public, and that the passage of such an ordinance authorizing the mayor to divest the city of the property was *ultra vires* the municipal powers, and was a breach of trust. It is obvious that our case does not involve the disposition of municipal properties, but instead an amendment to the zoning ordinance. In addition the petitioner city council is acting under a specific grant of authority from the Legislature of the State in considering and studying a proposed amendment to the zoning ordinance. IC 1971, 18-7-5-67, being Burns § 53-765. Without agreeing with the reasoning of the *Roberts* case, *supra,* that case does create an exception to the general rule against judicial interference in legislative action in the state in which it arose, however such exception if adopted by us would not apply to the circumstances of this case. Respondent also cites *Durrett Hardware & Furniture Co., Inc., et al.* v. *City of Monroe* (1942), 199 La. 329, 5 So. 2d 911, as creating another exception to the general rule. The general holding in the case is that if the enactment of a proposed local ordinance violates a specific prohibitory law, and the action of the local legislative body in consideration and passage of the ordinance would cause immediate and irreparable injury, injunction would lie. Suffice it to say, if we were to adopt the reasoning of this case, it would not serve to support jurisdiction in the respondent court to issue the sub-

ject restraining order, since the enactment of the subject amendment does not violate any prohibitory law. As stated above, the authority in the council to enact amendments to the zoning ordinance is specifically granted by our statute. Burns § 53-765, *supra*. Respondent argues here that two months before the introduction of the amendment the council had altered the zoning classification of this same tract of land, and that the proposed amendment would change the classification back to what it had been prior to the amendment. There is no prohibition against this second proposed amendment in the Zoning and Planning Act. In addition in answer to a point made by respondent, there is no prohibition against the council adopting the amendment over the negative report of the commission on the amendment. Burns § 53-765, *supra*.

The temporary writ prohibiting respondent from exercising further jurisdiction in cause No. 32899 is accordingly made permanent.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 297 N. E. 2d 814.