**TOWN OF BEVERLY SHORES PLAN COMMISSION and Board of Zoning Appeals, Appellant (Plaintiff Below),**

v.

**Edwin ENRIGHT, Appellee (Defendant Below).**

No. 584S179.

Supreme Court of Indiana.

May 16, 1984.

Bruce A. Dumas, Valparaiso, for appellant.

William H. Wagner, Barbara A. Young, Karen L. Hughes, Hoeppner, Wagner & Evans, Valparaiso, for appellee.

ON CIVIL PETITION TO TRANSFER

PRENTICE, Justice.

This cause is before us on the petition of Edwin Enright (Appellee) to transfer the cause from the Court of Appeals, Third District, following its reversal in part of the judgment of the trial court which declared a zoning ordinance invalid. The decision of the Court of Appeals, reported at 435 N.E.2d 565, was filed on May 17, 1982, and rehearing was subsequently denied. Because we find that the opinion of the Court of Appeals contravenes the express provisions of the applicable statute and rulings precedent of this Court, as hereinafter set forth, the petition to transfer is now granted.

The appeal presents three issues for review, but our holding on the first renders the others moot. The critical issue presented is whether the Town of Beverly Shores complied with the requisite statutory procedures when it enacted the zoning ordinance in question.

The facts giving rise to this cause and the holding of the trial court were presented by the Court of Appeals as follows:

"In 1971 Edwin Enright applied for a building permit to construct a single family dwelling in Beverly Shores. The property on which the dwelling was to be built was located in an area designated R–1 (single family dwellings only). It was discovered in May of 1975 that Enright had in fact constructed a multiple family dwelling in violation of the zoning ordinance. Enright applied for a variance. The Board of Zoning Appeals, however, denied the application.

The Town filed a complaint for permanent injunction in 1977. Enright, in a counterclaim and an affirmative defense charged that the Town had failed to follow the statutory procedures in enacting the zoning ordinance and its subsequent amendment. The trial court found in favor of Enright on the affirmative defense and declared the zoning ordinance, and the subsequent amendment, invalid."
435 N.E.2d at 566.

The Court of Appeals reversed the decision of the trial court, in part, and held that the challenged ordinance was valid, enforceable, and sufficient to constitute a master plan. It further held that a 1969 amendment to the zoning ordinance was invalid and remanded the cause for further proceedings. In his petition to transfer, Enright argues, and we agree, that the statutory procedures for the enactment of the zoning ordinance were not followed and

that, consequently, the ordinance was invalid.

▮ A local legislative body has the authority to enact zoning ordinances and amendments thereto only as it has been delegated to it by the enabling statutes, the Planning and Zoning Act, Ind.Code §§ 18–7–5–1—18–7–5–99 (Burns Code Ed.) (since repealed). Certain procedures have been specifically and expressly set forth by the Indiana General Assembly and must be followed for the enactment of a valid zoning ordinance. *State ex rel. Michigan City Plan Commission v. LaPorte Superior Ct.*, (1973) 260 Ind. 587, 590, 297 N.E.2d 814, 815; *Krimendahl v. Common Council of City of Noblesville*, (1971) 256 Ind. 191, 196, 267 N.E.2d 547, 550. One of the prerequisites to adoption of a zoning ordinance is notice and a hearing. The parties agree that the applicable statute providing for notice and hearing is Ind.Code § 18–7–5–64 which provides:

"Public hearings on final report—Notices.—After the final report has been submitted by the plan commission, the city council or the board of county commissioners shall afford all interested persons an opportunity to be heard with reference to it at public hearings convenient for all persons affected to be held at times and places to be specified in *notices to be published in a daily newspaper of general circulation* in the city or county. The notices shall state the times and places of the hearings, that the report contains a comprehensive zoning ordinance for the city or county, that written objections to the final report filed with the clerk of the city council or with the county auditor at or before the hearings will be heard and that the hearings will be continued from time to time as may be found necessary. *The notice shall be published at least twice within [10] days before the time set for the hearings*, during which time the final report shall be on file in the office of the plan commission for public examination. Upon completion of the public hearings, the city council or the board of county commissioners shall proceed to the consideration of the ordinance." (Emphasis added.)

▮ A public hearing regarding the ordinance was scheduled for December 1, 1958. Notices of the hearing were published in *The Chesterton Tribune* and *The Porter County Herald,* both newspapers of general circulation published weekly in Porter County, on November 20 and November 27, 1958. The November 20 publications were made eleven (11) days prior to the public hearing and, therefore, were not made in compliance with the statute which requires publication "at least twice within ten (10) days before the time set for the hearing." Ind.Code § 18–7–5–64. Although we have been made aware of no Indiana case determinative of the effect of noncompliance with this "notice" statute, such statutes are generally strictly construed and notice in accordance with their provisions held to be mandatory and a prerequisite to the validity of the ordinance. *See* Annot., 96 A.L.R.2d 449, 469–470 (1964) and cases cited therein. Further, this Court has stated that the procedures set forth in the enabling statute must be complied with, *State ex rel. Michigan City Plan Commission v. LaPorte Superior Ct.*, 260 Ind. at 590, 297 N.E.2d at 815, and that a failure to do so would render the zoning ordinance void. *Krimendahl v. Common Council of City of Noblesville,* 256 Ind. at 196, 267 N.E.2d at 550. Inasmuch as one of the two required notices was published eleven (11) days prior to the hearing, rather than within ten (10) days, as required by the enabling statute, the ordinance purported to be adopted is void.

In *State ex rel. Blackwell v. Hatcher,* (1981) Ind.App., 426 N.E.2d 118, 125, the Court of Appeals noted:

" 'Publication of notices may be authorized by statute, and the statutes providing in what newspapers legal notices must be published must be followed. A notice, advertisement, or list, authorized or required to be published by law, must be published with the frequency and for the period prescribed by law.' "

Moreover, a sampling of decisions from other jurisdictions lends support for our holding in the case at bar. In *McIntyre v. Mohave County*, (1980) 127 Ariz. 317, 620 P.2d 696, a statute required a county planning and zoning commission to publish notice in a newspaper of general circulation in the county seat. If the area affected was other than the county seat, a second notice was required to be published in a newspaper of general circulation in "the area to be affected, or adjacent thereto." The only notice was in a newspaper in the county seat. The court held that the failure to publish notice in a newspaper in the area to be affected was a failure to fulfill the requirement of the statute, and, therefore the ordinance was void. In *Carson v. McDowell*, (1969) 203 Kan. 138, 452 P.2d 831, the enabling statute required that twenty (20) days elapse between the first published notice and the day of the hearing. When only nineteen (19) days elapsed, the ordinance was held to be invalid. Finally, in *Hart v. Bayless Investment & Trading Co.*, (1959) 86 Ariz. 379, 346 P.2d 1101, a statute required publication in a newspaper of general circulation in the county seat and defined "newspaper of general circulation" as a daily newspaper, if one was published in the county seat. A zoning ordinance was declared void for ineffective notice when notice was given in a weekly rather than a daily newspaper.

The Appellant argues that the publication eleven (11) days prior to the hearing was a substantial compliance with the statute that required such publication to occur within ten (10) days of the hearing; but as set forth above, such notice requirements must be strictly complied with.

The Court of Appeals did not address Appellant's "substantial compliance" argument but held that the two publications on November 27, one in one newspaper and one in another, complied with the statutory requirement that two publications be made within the ten (10) day period prior to the hearing. It said, "The Town complied with the statute by publishing the notices in two newspapers of general circulation * * * within ten days of the hearing." 435 N.E.2d at 569. Neither can we agree with this position. That court apparently overlooked that provision of the statute requiring that the time and place of such hearing " * * * be specified in notices to be published in *a* daily newspaper of general circulation in the city or county." Ind.Code § 18–7–5–64 (Burns Code Ed.) (since repealed) (emphasis added.) There is no ambiguity in the statute that would permit the singular "a newspaper," to be construed to permit the use of more than one newspaper in effecting the required notice. The authority of towns and cities to enact zoning ordinances springs from the legislature whose exclusive province it is to prescribe the conditions for such enactments.

In view of our holding regarding the invalidity of the 1959 ordinance, designated issues two (2) and three (3) are moot.

We note that in his petitions for rehearing and to transfer, Appellee has presented an additional claim of irregularity in the pre-enactment procedures, in that the notices were published in weekly newspapers rather than in daily newspapers, as provided by the statute, which claim is borne out by the record (Supplemental Record pp. 9 & 10, Pltfs. Exhibits Nos. 4 and 5). In view of our holding above, it is unnecessary for us to pass upon this claim.

Transfer is granted. The decision and opinion of the Court of Appeals, Third District, are ordered vacated, and the judgment of the trial court is affirmed.

GIVAN, C.J., and HUNTER and PIVARNIK, JJ., concur.

DeBRULER, J., dissents without opinion.