BROCKMANN ENTERPRISES, L.L.C., Appellant–Plaintiff,

v.

CITY OF NEW HAVEN, Terry McDonald, Wayne Doenges, and Tim Doyle, as the Board of Directors of the City of New Haven Department of Storm Water Management, City of New Haven Department of Storm Water Management, and City of New Haven Storm Water Taxing District, Appellees–Defendants.

No. 02A04–0605–CV–272.

Court of Appeals of Indiana.

Feb. 21, 2007.

---

Cathleen M. Shrader, John M. Clifton, Jr., Barrett & McNagny LLP, Fort Wayne, IN, Attorneys for Appellant.

Ann M. Trzynka, David C. Van Gilder, Van Gilder & Trzynka, P.C. Fort Wayne, IN, Attorneys for Appellees.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Plaintiff Brockmann Enterprises, LLC ("Brockmann") appeals the trial court's grant of the Appellees–Defendants' Motion for Summary Judgment. We reverse.

### Issue

■ Brockmann raises two issues on appeal, the first of which we conclude to be dispositive: Whether the City of New Haven had authority to establish a Storm Water Service Charge without action by the Board of Directors of the City of New Haven Department of Storm Water Management.[1]

### Facts and Procedural History

In 2000, the United States Environmental Protection Agency adopted a rule pursuant to the Clean Water Act, regulating storm water runoff in municipalities with populations less than 100,000. 40 C.F.R. Parts 9, 122–24 (2000) (commonly known as "Phase II"). On August 6, 2003, the Indiana Department of Environmental Management made effective its rule implementing the Phase II regulations.[2] Ind. Admin. Code tit. 327, r. 15–13 (2003). Meanwhile, the Indiana General Assembly changed the process by which municipalities may enact storm water fees, effective January 27, 2004.[3] Ind.Code § 8–1.5–5.

On February 24, 2004, the City of New

---

1. Brockmann also argues that Ordinance G–04–02 violates Article I, Section 23 of Indiana's Constitution. Basing our decision on Brockmann's first argument, however, we do not address this constitutional issue. We do not reach constitutional claims when a case can be properly disposed of on non-constitutional grounds. *See Sanchez v. State,* 803 N.E.2d 215, 223 (Ind.Ct.App.2004), *trans. denied; Garnelis v. Ind. Dep't of Health,* 806 N.E.2d 365, 372 (Ind.Ct.App.2004).

2. The Indiana Department of Environmental Management and the United States Environmental Protection Agency coordinate in implementing federal environmental laws. Environmental Performance Partnership Agreement, July 1, 2005, http://www.in.gov/idem/publications/ennpa/index.html.

3. The provisions were passed in HEA 1798 (2003), but vetoed by the Governor. The bill therefore became effective during the 2004 Session, upon override by the House of Representatives and the Senate. P.L. 282–2003; Veto Override History, http://www.in.gov/legislative/pdf/Veto_Override_History.pdf.

Haven ("City"), a third-class city,[4] enacted Ordinance G–04–01, establishing the City of New Haven Department of Storm Water Management ("Department").[5] In so doing, the City was pursuing a source of funding to achieve compliance with the Phase II regulations. On April 13, 2004, the City's Common Council held a public hearing in which the Department and proposed storm water rates were discussed.

On April 27, 2004, the City enacted Ordinance G–04–02, repealing Ordinance G–04–01, and establishing the Department, the Board of Directors of the Department ("Board"), and the City of New Haven Storm Water Taxing District ("Taxing District"). Ordinance G04–02 ("Ordinance") also established a Storm Water Service Charge ("Charge") applicable to all owners of real estate within the City.

Brockmann owns real estate in the City. In June of 2005, Brockmann filed a Complaint for Declaratory Judgment and Refund of Fees Collected against the City, the Board, the Department, and the Taxing District ("Defendants"). In its Complaint, Brockmann sought refund of its payments. The Defendants answered jointly.

In January of 2006, Brockmann and the Defendants filed competing Motions for Summary Judgment. On April 26, 2006, the trial court denied Brockmann's Motion for Summary Judgment and granted the Defendants' Motion for Summary Judgment. Brockmann now appeals.

**Discussion and Decision**

*I. Standard of Review*

■ On appeal from the grant or denial of summary judgment, our standard of review is de novo. *Univ. of S. Ind. Found. v. Baker,* 843 N.E.2d 528, 531 (Ind.2006). Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(c); *Am. Home Assurance Co. v. Allen,* 814 N.E.2d 662, 666 (Ind.Ct.App.2004), *reh'g denied, trans. dismissed.* The fact that the parties made competing motions for summary judgment does not alter our standard of review. *Ind. Farmers Mut. Ins. v. Blaskie,* 727 N.E.2d 13, 15 (Ind.Ct.App.2000).

*II. City's Authority to Establish Charge without Board Action*

■ On appeal, Brockmann argues that it is entitled to judgment as a matter of law because the City lacked authority to establish the Charge without action by the Board. The Defendants rely on the Home Rule Act and "the statutes generally pertaining to the control of municipally owned utilities and the statutes allowing the creation of a storm water management department" as authority for the City's action. Appellees' Br. at 3.

Under the Home Rule Act, any doubt as to the existence of a city's power shall be resolved in favor of the power's existence. I.C. § 36–1–3–3(b). However, if there is a statute requiring a specific manner for exercising a power, the city must exercise the power in that manner. I.C. § 36–1–3–6(a). Upon enactment of P.L. 282–2003, the process for establishing the Charge was as follows. The Board was to give notice under I.C. § 5–3–1 of a public hearing on the matter, hold the public hearing, and obtain approval of the City's fiscal

---

4. Appellees' Br. at 7. *See also* Ind.Code § 36–4–1–1(a).

5. During a combined meeting of the City's Common Council and the Department's Board of Directors, attorney Carl Miller commented, "[w]e passed this ordinance right after the law that we are passing the ordinance pursuant to it was adopted [sic], so we have very little guidance." Appendix at 145.

body. I.C. § 8–1.5–5–7(b). Here, the City's fiscal body is its Common Council. I.C. § 36–1–2–6(3). The Board had a duty to recommend "reasonable and just rates and charges." I.C. § 8–1.5–5–6 and I.C. § 8–1.5–3–4(a)(7).

The Defendants make no claim that the City followed the procedure set forth in statute. Indeed, the Defendants acknowledge that the Board was created simultaneously with establishment of the Charge and the initial setting of rates. Instead, the Defendants argue that this fact is irrelevant because the public hearing held by the City's Common Council on April 13, 2004 satisfied the procedural requirements, or alternatively, because the decision rested ultimately with the Common Council regardless of the process undertaken. However, the plain language of the Home Rule Act, upon which the Defendants rely, provides otherwise. "If there is a constitutional or statutory provision requiring a specific manner for exercising a power, a unit wanting to exercise the power must do so in that manner." I.C. § 36–1–3–6(a). While now codified, our Supreme Court referenced this proposition of law as long ago as 1856. *See Town of Beverly Shores Plan Comm'n v. Enright*, 463 N.E.2d 246, 248 (Ind.1984); *Kyle v. Malin*, 8 Ind. 34 (1856). Here, the Board was not allowed any opportunity to perform the very function for which it was created. The City did not follow the procedure prescribed by statute.

Accordingly, we conclude that the provisions of Ordinance G–04–02 relating to the Charge are void, including § 54.04 through § 54.08. Pursuant to Section 3 of the Ordinance, all other provisions remain valid, including establishment of the Department, its Board, and the Taxing District. We reverse the trial court's entry of summary judgment in favor of Defendants and direct the trial court to enter summary judgment in favor of Brockmann.

## Conclusion

We conclude that the City of New Haven lacked authority to establish the Storm Water Service Charge in a manner contrary to the process contained in statute.

Reversed.

VAIDIK, J., and BARNES, J., concur.